

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-09-00113-CV
_____


MOTOR CAR CLASSICS, LLC,
D/B/A DREAM CAR CLASSICS AND ART WEISS, Appellants

V.

RONALD E. ABBOTT, Appellee


On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 78014


Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

## I. BACKGROUND

In pursuit of his interest in becoming a collector of classic automobiles, Ronald E. Abbott, a resident of Lamar County, Texas, decided to purchase a 1962 Cadillac Eldorado Biarritz convertible (the Eldorado) he found in an advertisement placed on eBay Motors by Motor Car Classics, LLC, d/b/a Dream Car Classics, a Florida limited liability company (Dream Car). The eBay advertisement identified the Dream Car website, which contained numerous photographs of the Eldorado, along with numerous descriptive representations accompanying each photograph, such as "everything works," "immaculate throughout," and "serviced-tuned-ready to go." After perusing the photographs and reading the advertisement's details, Abbott contacted Art Weiss,[1] a salesman for Dream Car, via electronic mail to confirm the information contained in the advertisement and to ask follow-up questions. Weiss responded to Abbott's e-mail address in Texas, including an e-mail dated January 13, 2009, wherein Weiss stated that Abbott could rely on "[e]very word" of text in the Dream Car advertisement describing the Eldorado.

Upon Weiss's recommendation, Abbott retained the services of William Trier to conduct an inspection of the Eldorado in Florida. Trier's inspection report concluded that the Eldorado was in very good condition, with a value of $55,500.00. Abbott ultimately agreed to purchase the Eldorado, sight unseen, for the sum of $40,000.00 and thereafter wire transferred the funds to

---

[1]Weiss initially filed his answer contesting personal jurisdiction on a pro se basis; thereafter, in July 2009, Michael P. Kelly (attorney for Dream Car) filed a notice of appearance as counsel for Weiss.

2

Dream Car in Florida. A purchase contract was then signed by Abbott's agent in Texas (Abbott was out of the country at the time) and the Eldorado was delivered to Abbott at his request and expense, on January 27, 2009, in Lamar County, Texas.

Upon delivery of the Eldorado, Abbott noted a number of problems which were not disclosed prior to the sale[2] and unsuccessfully attempted to rescind the contract. Abbott thereafter sued Dream Car, Weiss, and Trier in Lamar County, Texas, alleging causes of action for rescission, breach of contract, misrepresentation, and violation of the Texas Deceptive Trade Practices Act.[3]

In March 2009, Weiss filed an unverified pro se answer on his own behalf, and purportedly on behalf of Trier, in which he alleged the trial court lacked personal jurisdiction over the defendants.[4] In the meantime, Abbott served requests for admissions to Dream Car, Weiss, and Trier.[5] Dream Car filed its verified special appearance on June 29, 2009. The following day,

---

[2]These problems are alleged to include an inoperative heater, power seats, horn, power door locks, cruise control, power windows, fuel gauge, transmission indicator, and radio; numerous nicks, scratches, and dents; poor suspension; rusty underside and exhaust system, which were covered with new paint; pitted body chrome; and rusted gas tank. In addition, it is alleged that the Eldorado will not run over thirty miles per hour for more than two to three miles at a time.

[3]Suit was filed on February 5, 2009.

[4]This pleading, which contested personal jurisdiction, was not filed on behalf of Dream Car, and in fact makes no mention of Dream Car. However, the letter transmitting this pleading to Abbott's attorney was signed by Andrew Denis, manager of Dream Car. Denis also signed the certificate of service on this pleading.

[5]On April 6, 2009, Abbott served each defendant with 113 separate requests for admissions. Abbott states in his affidavit that:

> Following Defendants' answer to the Petition, on April 6, 2009, I served Plaintiff's First Requests
> for Admission and Requests for Production (the "Discovery"). The Discovery contained clear

3

Abbott filed a motion for summary judgment against each of the three defendants.[6]  Trier filed a verified special appearance on July 8, 2009.[7]

Dream Car's special appearance was set for hearing, which took place on August 25, 2009.[8]  Following the hearing, the trial court entered an order which indicated that it considered the special appearances filed on behalf of Dream Car and on behalf of Trier, and denied both.[9] Consideration was given to the affidavit filed in support of the Dream Car special appearance and the response filed by Abbott.[10]

---

instructions on the timeframe to respond, the rules by which the same are governed, and the place to send responses, but as of June 25, 2009, Defendants have failed to respond to the Discovery.

The defendants did not contest the fact or propriety of service of said requests for admissions in the trial court; likewise, no such complaint is raised on appeal.

[6]Evidence relied upon in the summary judgment motion included the affidavit of Mark H. How (attorney for Abbott) with attached requests for admissions served on each of the three defendants together with Abbott's affidavit, with the attached report of the condition of the Eldorado authored by Trier.

[7]Trier did not file a notice of appeal, and is not an appellant here.

[8]The record reflects that Dream Car's special appearance was reset from an earlier date until August 25. The record neither reflects a request for hearing on Weiss's special appearance, nor is there an order setting hearing on same. Michael Kelly, attorney for both Dream Car and Weiss, did not purport to represent Weiss at the hearing on Dream Car's special appearance, and presented argument only on behalf of Dream Car.

[9]The record neither reflects a request for hearing on Trier's special appearance, nor is there an order setting hearing on same.

[10]Abbott's response relied largely on the requests for admissions served on Dream Car, Weiss, and Trier.  Neither Dream Car nor Trier contend the requests were not deemed admitted.

Immediately following the hearing on Dream Car's special appearance, the trial court entertained Abbott's motion for summary judgment filed against Dream Car, Weiss, and Trier.[11] At the conclusion of that hearing, the trial court granted summary judgment against each of the three defendants and issued its written order granting summary judgment on September 10, 2009.[12] The judgment holds the defendants jointly and severally liable of the sum of $90,000.00, plus $6,000.00 in attorney's fees and additional contingent fees on appeal. Dream Car and Weiss contend on appeal (1) that the trial court erred in finding it had jurisdiction over them; (2) that the trial court erred in denying their special appearances; and (3) that the trial court abused its discretion by granting summary judgment based on deemed admissions with a pending motion to

---

[11]An order resetting the hearing on the motion for summary judgment was entered on July 14, resetting the hearing previously set for July 22 to August 25, 2009. No objection to this setting was made by Dream Car, Weiss, or Trier. At the hearing, Kelly (attorney for Dream Car and Weiss) requested a continuance of the summary judgment hearing. Discussion on the record at the hearing reflects that Kelly and counsel for Abbott agreed to resetting the hearing on the motion for summary judgment. The trial court therefore denied the oral request for continuance.

[12]The summary judgment stated that:

[O]ne of the basis [sic] of the Plaintiff's Motion for Summary Judgment were Requests for Admission served upon Defendants on or about April 6, 2009, which as of the date of the hearing on Plaintiff's Motion for Summary Judgment, had not been responded to in any form. The Court further notes that on the date of this hearing, Weiss filed his Motion to Strike Deemed Admissions, which the Court considered untimely under the circumstances existing in this cause.

The Court further notes that although Plaintiff's Motion for Summary Judgment has been on file since June 30, 2009, and has had the aforementioned two separate settings, the Defendants have filed no response to said Summary Judgment as contemplated by Tex. R. Civ. P. 166a. The Court notes that Weiss did file, on or about August 16, 2009, Objections and Special Exceptions to Plaintiff Ronald E. Abbott's Motion for Summary Judgment (the "Weiss Objections"). The Court further notes that on or about August 18, 2009, Weiss filed that certain Defendant's Response to Plaintiff's Motion for Summary Judgment ("Weiss Response").

Upon consideration of Plaintiff's Motion for Summary Judgment, the Weiss Objections, the Weiss Response, and the argument of counsel, the Court is of the opinion that Plaintiff's Motion for Summary Judgment should be granted . . . .

5

strike deemed admissions. We affirm the trial court's order finding that Dream Car and Weiss are subject to jurisdiction in the State of Texas, and affirm the trial court's grant of summary judgment against them.

## II. BURDEN OF PROOF AND STANDARD OF REVIEW

In a suit against a nonresident defendant, the initial burden of proof is on the plaintiff to plead sufficient allegations to bring the defendant within the provisions of the Texas long-arm statute. *See Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). When a plaintiff meets its pleading burden, the burden of proof shifts to the nonresident defendant, who must then negate all possible grounds for personal jurisdiction alleged by the plaintiff. *Id.*; *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Personal jurisdiction is a question of law, which we review de novo. *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009). In resolving this question of law, a trial court must often resolve questions of fact. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002). Our courts of appeals may review the fact findings for both legal and factual sufficiency. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). We review de novo the trial court's legal conclusions. *Marchand*, 83 S.W.3d at 794. Where the record contains no findings of fact and conclusions of law (as in this case), we must imply all findings of fact necessary to support the trial court's judgment that are supported by the evidence. *Id.* at 795.

## III. ANALYSIS

6

## A.      Personal Jurisdiction

Dream Car is a Florida limited liability corporation.   Weiss is presumably a Florida resident.    The Texas long-arm statute permits the exercise of personal jurisdiction over a nonresident defendant, limited by the federal constitutional requirements of due process.   *Id.* Personal jurisdiction over a nonresident defendant is properly exercised within the confines of due process when (1) the defendant has established minimum contacts with Texas and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.   *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

The purpose of the minimum contacts analysis serves to protect a nonresident from being hailed into court when his relationship with Texas is too attenuated to support jurisdiction. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990).   Thus, a nonresident defendant must have "purposefully availed" himself of the privileges and benefits of conducting business in Texas to establish sufficient contacts with Texas to confer personal jurisdiction.   *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985); *Xenos Yuen v. Fisher*, 227 S.W.3d 193, 200 (Tex. App.—Houston [1st Dist.] 2007, no pet.).   The defendant's activities, whether they consist of direct acts within Texas or conduct outside Texas, must justify a conclusion that the defendant could reasonably anticipate being called into court in Texas.   *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).   A defendant is not subject to jurisdiction here if its Texas contacts are random, fortuitous, or attenuated.   *Guardian Royal Exch. Assur., Ltd. v. English*

7

*China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). It is the quality and nature of the defendant's contacts, rather than their number, that are important to the minimum contacts analysis. *Id*. at 230 n.11.

Personal jurisdiction may be based either on specific jurisdiction or general jurisdiction. For a court to exercise specific jurisdiction over a nonresident defendant, two requirements must be met: (1) the defendant's contacts with the forum must be purposeful, and (2) the cause of action must arise from or relate to those contacts. *Id.* at 227; *Coleman*, 83 S.W.3d at 806. General jurisdiction exists when the defendant's contacts with Texas "are continuous and systematic so that the forum may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state." *Marchand*, 83 S.W.3d at 796. General jurisdiction therefore permits a forum to exercise jurisdiction over a defendant even if the cause of action did not arise from or relate to a defendant's contacts with the forum. *Coleman*, 83 S.W.3d at 806–07. This is a more demanding minimum contacts analysis than specific jurisdiction. *Id.* at 807.

### B.     Jurisdiction:   Dream Car

Dream Car contends the trial court erred in overruling its special appearance contesting the jurisdiction of the Texas court. The affidavit of Andrew M. Denis, manager and member in the company of Motor Car Classics, LLC, d/b/a Dream Car Classics, indicates that Dream Car does not direct market in Texas, nor does it advertise in a way that specifically targets Texans; Dream

8

Car does not have a physical office or location in Texas and is not required to maintain a registered agent in Texas; none of Dream Car's officers, employees, or agents have traveled to Texas pertaining to this matter or any other business matter of Dream Car; the Eldorado was shipped to Texas at the direction and expense of Abbott; the percentage of Dream Car's total sales to Texas residents is approximately six percent since 2005 where 13 of 205 cars sold nationwide were sold to Texas residents. The evidence further indicates that Abbott located the Eldorado on an eBay Motors advertisement by Dream Car Classics. The eBay advertisement identified the Dream Car website, which contained a number of representations regarding the condition of the Eldorado (claimed now to be false) along with photographs of the Eldorado. In essence, eBay provided a portal through which Abbott contacted Dream Car; the actual purchase, however, did not take place on eBay or through eBay. Abbott initiated contact with Dream Car. The Dream Car website shows classic vehicles to customers like Abbott throughout the world. In addition, Abbott initiated e-mail correspondence with Weiss (a Dream Car employee) and received Weiss's e-mail responses at his residence in Texas. It is also alleged that Dream Car's website is sufficiently interactive to support jurisdiction over Dream Car.

### (1) Do Deemed Admissions Establish Jurisdiction Over Dream Car?

Despite the evidence submitted via the Denis affidavit contesting jurisdiction over Dream Car, Abbott contends admissions deemed against Dream Car are sufficient to establish jurisdiction. We agree.

Abbott maintains that his request for admissions were deemed admitted, having been served on Dream Car on April 6, 2009, and never having been answered. Dream Car does not contest this assertion. Rule 198.2(a) of the Texas Rules of Civil Procedure requires that a responding party must serve a written response to request for admissions on the requesting party "within 30 days after service of the request, except that a defendant served with a request before the defendant's answer is due need not respond until 50 days after service of the request." TEX. R. CIV. P. 198.2(a). Whether Dream Car's responses were due in thirty or in fifty days after service is immaterial here, since responses to Abbott's request were not made. Rule 198.3 states that the trial court may permit a party to withdraw an admission if the party shows good cause for the withdrawal and the court finds that the party relying on the deemed admissions will not be unduly prejudiced. TEX. R. CIV. P. 198.3. Dream Car did not file a motion to strike or to withdraw the deemed admissions.[13] The admissions therefore are a part of the record before this Court. The following request for admissions were, *inter alia*, deemed admitted:

- Admit that Dream Car Classics conducts business in the State of Texas.

- Admit that Dream Car Classics seeks business in and from residents and/or entities in the State of Texas.

---

[13]Dream Car expressed the concern that because it was appearing specially in the case, "there are only so many things a party can do . . . ." While we acknowledge the truth of that statement, a nonresident defendant may file motions related to jurisdictional discovery and seek the trial court's ruling on disputes that may affect the evidence presented at the special appearance hearing without waiving its special appearance. TEX. R. CIV. P. 120a; *Huynh v. Nguyen*, 180 S.W.3d 608 (Tex. App.—Houston [14th Dist.] 2005, no pet.). A motion to set aside deemed admissions falls within this category.

10

- Admit that Dream Car Classics conducted business in Texas with regard to the transaction made the basis of this lawsuit.

- Admit that Weiss is the sales manager for Dream Car Classics.

- Admit that Weiss sought business in and from the State of Texas on behalf of Dream Car Classics.

Dream Car maintains that the trial court could not base its jurisdictional decision on the foregoing deemed admissions because the deemed admissions involve purely legal issues and thus have no effect. *Boulet v. State*, 189 S.W.3d 833, 838 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (rule regarding request for admissions does not contemplate or authorize admissions to questions involving points of law); *see also Fort Bend Cent. Appraisal Dist. v. Hines Wholesale Nurseries*, 844 S.W.2d 857, 858–59 (Tex. App.—Texarkana 1992, writ denied) (request for admissions may ask party to admit or deny an issue of fact or mixed issue of fact and law, but not purely legal issue).

Here, the request does not seek admissions of purely legal issues. That is, if a request were to ask a party to admit that he was subject to the jurisdiction of the Texas court, that request would involve a purely legal issue. *See Marchand*, 83 S.W.3d at 794 (whether trial court has personal jurisdiction over defendant is legal issue). However, the requests at issue do not focus on the legal question of whether Dream Car is subject to the jurisdiction of the Texas court. Instead, and most pointedly, the requests focus on Dream Car's conduct of business in the State of

11

Texas with regard to "the transaction made the basis of this lawsuit," i.e., the chain of events, including all representations and negotiations, resulting in and including the sale of the Eldorado to Abbott. At most, such requests involve the application of law to fact, which is permissible under Rule 198.1 of the Texas Rules of Civil Procedure.[14] Rule 120a directs that, "The court shall determine the special appearance on the basis of the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, *the results of discovery processes*, and any oral testimony." TEX. R. CIV. P. 120a(3) (emphasis added). Requests for admissions are a part of the discovery process. The trial court, after having reviewed the deemed admissions, determined the legal question of whether it had jurisdiction over Dream Car. The record before us supports that conclusion.

This case presents issues similar to those resolved by our sister court in *Southwest Aviation Specialties, L.L.C. v. Wilmington Air Ventures IV, Inc*., No. 02-08-062-CV, 2008 WL 4938334 (Tex. App.—Fort Worth, Nov. 20, 2008, pet. denied) (mem. op.). In that case, defendants, both Oklahoma residents, were sued in Texas state court on breach of contract claims. The plaintiff alleged that the defendants conducted some work under the contracts while they were at an airport in Fort Worth. When the defendants failed to timely respond to requests for admissions which established minimum contacts with the forum, the requests were deemed admitted. *Id.* at \*4–5. The Fort Worth court concluded that the deemed admissions provided a basis for the trial court to

---

[14]Requests for admissions can encompass any matter within the scope of discovery, "including statements of opinion or of fact or of the application of law to fact . . . ." TEX. R. CIV. P. 198.1.

12

exercise specific personal jurisdiction. *Id.*[15] Likewise, the deemed admissions in this case describe relevant contacts by Dream Car and Weiss (on behalf of Dream Car) that were purposeful rather than random, fortuitous, or attenuated. Because these contacts were purposeful and because the cause of action arises from these contacts, the trial court had specific jurisdiction over Dream Car. *See Guardian Royal*, 815 S.W.2d at 227; *Coleman*, 83 S.W.3d at 807.

Because we so find, we do not reach the question of whether the trial court could have exercised specific or general jurisdiction over Dream Car in the absence of the deemed admissions.

### (2) Traditional Notions of Fair Play and Substantial Justice

Once we determine the minimum contacts requirement is met, we must still consider whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *Guardian Royal*, 815 S.W.2d at 226; *Rudzewicz*, 471 U.S. at 475–76. These factors include (1) the burden on the defendant, (2) the interests of the forum state in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Guardian Royal*, 815 S.W.2d at 228. In this portion of the inquiry, it is the defendant's job to present "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Rudzewicz*, 471 U.S. at 479; *Guardian Royal*, 815 S.W.2d at 231.

---

[15]In *Southwest Aviation*, as in this case, the defendants had ample opportunity to file a motion to withdraw their admissions, but failed to do so.

Applying the named factors, we recognize there would be some burden on Dream Car in defending itself in a Texas lawsuit. However, we also recognize that distance is not so important a factor now as it has been historically. Because Abbott is a Texas resident, this State has an inherent interest in protecting its citizens and providing them with a remedy for alleged violations of the law within this State. Abbott also has an inherent interest in pursuing the lawsuit locally, rather than being required to travel to Florida to pursue his interests—perhaps under a different set of laws than those of his resident state. The factor of efficiency does not appear to be an issue in any respect. The final factor involves the shared interest of the states in furthering fundamental substantive social policies. This factor is likewise not implicated in this case. We conclude that the contacts involving Dream Car are not so attenuated as to violate concepts of due process.

## C.    Summary Judgment:    Dream Car

Dream Car and Weiss (collectively designated "appellants") contend that the trial court abused its discretion by granting summary judgment based on deemed admissions with a pending motion to strike deemed admissions. This point of appeal is somewhat confusing, in light of the fact that only Weiss, and not Dream Car, filed a motion to strike deemed admissions. For clarity's sake, we will address the grant of summary judgment as to Dream Car and as to Weiss separately, as different issues are brought to bear with respect to each appellant.

Dream Car contends the trial court committed reversible error in using the deemed admissions to grant summary judgment because due process concerns are implicated when a party

14

uses deemed admissions in an attempt to subvert the presentation of a case on the merits, citing *Wheeler v. Greene*, 157 S.W.3d 439, 443 (Tex. 2005). In that case, a pro se litigant's rights as joint managing conservator of her daughter were terminated and she was found liable for malicious prosecution of the child's father in a summary judgment based on sixty-four deemed admissions. The pro se defendant in *Wheeler* filed responses to the request for admissions twenty-seven days after she received them, thirty-five days after the mailbox rule deemed that they were served on her, thus making them two days late. *Id.* at 441. The plaintiff then filed a motion for summary judgment based only upon the deemed admissions and failed to inform the court that the defendant had responded. *Id.* The Texas Supreme Court determined that even though Wheeler never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of that complaint. *Id.* at 442. Nothing in the record suggested that prior to the grant of summary judgment, Wheeler actually realized that her responses were late and that she needed to move to withdraw deemed admissions. "On this record, the lower courts could have concluded that Sandra was wrong on her dates and wrong on how to correct them, but not that either was the result of intent or conscious indifference," noting that such conclusion might well be warranted if the same mistakes had been made by a lawyer. *Id.*

This case is distinguished from *Wheeler* in a number of respects. Here, Dream Car was not acting in a pro se capacity. While a motion to strike deemed admissions was filed on behalf of

15

Weiss, no such motion was filed on behalf of Dream Car. Unlike Wheeler, Dream Car should have been aware that it never responded to the request for admissions and that it needed to file a motion to withdraw those admissions. Abbott's motion for summary judgment, filed on June 30, 2009, unequivocally states that "Defendant's failure to respond to the discovery results in the admissions being deemed admitted." The hearing on this motion did not take place until August 25, 2009. Thus, there was ample opportunity to file a motion to withdraw the deemed admissions subsequent to the filing of the summary judgment and prior to the hearing on same.

Even though the standard for withdrawing deemed admissions is based upon a showing of good cause and no undue prejudice to the opposing party, the trial court is not obligated to sua sponte withdraw deemed admissions. While this Court does not endorse the use of deemed admissions to preclude presentation of the merits of a case, we also may not conclude that the trial court erred in failing to withdraw deemed admissions in the absence of a request to do so.

We do not believe, however, that the failure to file a motion to withdraw deemed admissions is necessarily determinative of the outcome here. Even in the absence of the deemed admissions, the uncontroverted summary judgment evidence is sufficient to support the judgment against Dream Car. A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* TEX. R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and

16

resolve any doubts in the nonmovant's favor. *HIS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004).

However, when the summary judgment order does not specify the ground or grounds relied on for its ruling, and its judgment rests on more than one independent ground asserted by the movant, the aggrieved party must assign error to each ground, or the judgment will be affirmed on the ground to which no complaint is made. *Bridges v. Citibank*, No. 2-06-081-CV, 2006 WL 3751404 (Tex. App.—Fort Worth, Dec. 21, 2006, no pet.) (mem. op.); *Scott v. Galusha*, 890 S.W.2d 945, 948 (Tex. App.—Fort Worth 1994, writ denied). Here, the trial court's order granting summary judgment did not specify the ground relied on for its ruling.[16] The motion for summary judgment asserts two independent grounds for the grant of judgment: (1) the deemed admissions; and (2) the substantive claims asserted against Dream Car—breach of contract, violation of the Texas Deceptive Trade Practices Act, and resulting damages and attorney's fees. These substantive claims are supported by the uncontroverted affidavits of Abbott and his attorney. In order to assign error to a ground supporting the motion for summary judgment, the nonmovant must present the ground to the trial court in opposition to the motion for summary judgment. *State Bd. of Ins. v. Westland Film Indus.*, 705 S.W.2d 695, 696 (Tex. 1986). Dream

---

[16]The order stated that:

> Upon consideration of Plaintiff's Motion for Summary Judgment, the Weiss Objections, the Weiss Response, and the argument of counsel, the Court is of the opinion that Plaintiff's Motion for Summary Judgment should be granted and that the following Summary Judgment should be entered.

17

Car made no such challenge in the trial court or on appeal. We, therefore, affirm the order granting summary judgment on the substantive grounds left unchallenged.[17]

### D. Jurisdiction: Weiss (Refusal to Withdraw Deemed Admissions)

Weiss filed a pro se answer which initially contested the jurisdiction of the Texas court, thus satisfying the due order of pleading requirement set forth in Rule 120a of the Texas Rules of Civil Procedure.[18] *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322–23 (Tex. 1998).

As pointed out previously, Abbott propounded requests for admissions to each of the three defendants; none of the defendants responded in a timely manner. Therefore, the requests for admissions were deemed to have been admitted. TEX. R. CIV. P. 198.2(c). Those deemed admissions, among other things, founded the basis for establishing the jurisdiction of the Texas court over each of the defendants.

Of the defendants in the lawsuit, only Weiss filed a motion to strike the deemed admissions. In that motion, Weiss explained that the existence of the request for admissions first came to the attention of his attorney on June 29, 2009; the request for admissions was omitted from the packet of other papers initially transmitted by Weiss in Florida to his attorney in Texas.

---

[17]In this regard, we note that a trial court cannot grant summary judgment simply because of a lack of response by the nonmovant. A summary judgment must be legally sufficient even if no response is on file. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979); *Swedlund v. Banner*, 970 S.W.2d 107, 109–10 (Tex. App.—Corpus Christi 1998, pet. denied). Courts are required, however, to take uncontroverted proper summary judgment evidence as true. *See Medlock v. Comm'n for Lawyer Discipline*, 24 S.W.3d 865, 870 (Tex. App.—Texarkana 2000, no pet.). There is no claim here that the uncontroverted summary judgment evidence was improper.

[18]Rule 120a requires that a special appearance must be filed "prior to motion to transfer venue or any other plea, pleading or motion . . . ." TEX. R. CIV. P. 120a.

Although Abbott's motion for summary judgment was originally set for hearing on July 22, 2009, it was rescheduled for August 25, 2009, the same date set for the hearing on the special appearances. On the day the motion for summary judgment and the hearing on the special appearances were considered by the trial court, Weiss filed the motion to strike the deemed admissions. The trial court denied the motion and treated the admissions to have been deemed.

Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). A ruling on whether to strike deemed admissions will only be set aside upon a showing of clear abuse of discretion. *Employers Ins. of Wausau v. Halton*, 792 S.W.2d 462, 464 (Tex. App.—Dallas 1990, writ denied). In order to obtain the relief of withdrawing deemed admissions, the proponent of that relief must show (1) good cause and (2) no undue prejudice. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) (citing TEX. R. CIV. P. 166a(c), 198.3).

"Good cause" is established when the failure to respond is accidental or the result of a mistake, rather than intentional or the result of conscious indifference. *Stelly*, 927 S.W.2d at 622. Under his sworn pleadings, Weiss maintained that the lack of the transmission of the request for admissions to his attorney was inadvertent, due to a mistake on Weiss's part. It would appear that Weiss met the requirement of showing good cause.

However, good cause does not stand alone. "Undue prejudice bars withdrawal of deemed admissions. TEX. R. CIV. P. 169(2); *Stelly*, 927 S.W.2d at 622. Delay of trial is considered a factor in determining prejudice against a party. *See N. River Ins. Co. of New Jersey v. Greene*, 824 S.W.2d 697, 701 (Tex. App.—El Paso 1992, writ denied)." *Wal-Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 357 (Tex. 1998).

As noted above, Weiss's attorney asserts that the existence of the deemed admissions first came to his notice on June 29, 2009, but filed no pleading to withdraw the deemed admissions until the date set for hearings, over two months after the discovery of the inadvertence. Had this issue been addressed reasonably expeditiously by promptly filing a motion to withdraw the deemed admissions, this may have obviated the need for the hearing on the motion for summary judgment, which was likewise set for the same date. The trial court could well have determined that the purpose in delaying the filing of the motion to withdraw the deemed admissions had delay of a final hearing as its primary goal. Because delay of trial is a factor to consider in determining whether prejudice to the other party can result, we determine that it was within the discretion of the trial court to deny the request.[19]

---

[19]The lack of hearing specific to Weiss's special appearance was not called to the attention of the trial court. Even though avoidance of waiver could have been accomplished by filing a motion to correct the trial court's order, the special appearance Weiss filed did not contain verified evidence in support of his position that the Texas court did not have jurisdiction.

Accordingly, the Texas court has jurisdiction over Weiss based upon the deemed admissions.[20]

### E.     Summary Judgment:   Weiss

Weiss maintains that the trial court abused its discretion by granting summary judgment based on deemed admissions with a pending motion to strike deemed admissions.[21]   As explained in the preceding section, the trial court acted within its discretion to deny Weiss's request to withdraw the admissions deemed against him.   However, even if the trial court had granted the motion to strike Weiss's deemed admissions, that would not resolve the issue of whether the summary judgment entered against Weiss can stand.

In his brief on appeal, Weiss contends that the trial court should not have granted summary judgment because he made a good cause showing as to why the request for admissions was not answered.   This statement is based on the inaccurate premise that the summary judgment is based solely on the deemed admissions.   As discussed previously in this opinion, the summary judgment was also based upon substantive claims submitted to the trial court and supported by

---

[20]We do not reach the question of whether the trial court could have exercised specific or general jurisdiction over Weiss in the absence of deemed admissions.  Further, we conclude that the contacts involving Weiss are not so attenuated as to violate concepts of due process.

[21]Weiss complains of being in a "catch 22" situation because a foreign defendant risks waiver of his special appearance in "responding to anything."   We disagree.   Rule 120a specifically permits participation in the discovery process without the risk of waiving a special appearance.   The motion to strike deemed admissions never put Weiss at risk of waiving a special appearance.

competent summary judgment evidence.[22]   On appeal, Weiss contests Abbott's affidavit in support of the summary judgment.   In particular, Weiss takes issue with paragraph ten of the Abbott affidavit wherein Abbott opines on the value of the Eldorado:

> As the owner of the Eldorado, it is my opinion that on the date I purchased it, that it had a market value in Lamar County, Texas of $10,000.00, and as a result, I have been damaged in the sum of $30,000.00.

Weiss claims this is a wholly unfounded opinion that was challenged in the trial court.

The trial court correctly overruled Weiss's objection to paragraph ten of the Abbott affidavit.   A property owner can testify as to the market value of his property even though he cannot qualify to testify about the value of like property belonging to someone else.   *See Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984).   The court in *Porras* explained further:

> Even an owner's testimony, however, is subject to some restrictions.   In order for a property owner to qualify as a witness to the damages to his property, his testimony must show that it refers to market, rather than intrinsic or some other value of the property.   This requirement is usually met by asking the witness if he is familiar with the market value of his property.

*Id.* at 504–05.

---

[22]The order granting summary judgment states that "one of the basis [sic] of the Plaintiff's Motion for Summary Judgment were Requests for Admission served upon Defendants on or about April 6, 2009, which as of the date of the hearing on Plaintiff's Motion for Summary Judgment, had not been responded to in any form."

Abbott testified in his affidavit as to the market value of his Eldorado.   This is competent evidence under *Porras*.   Because we determine the trial court had discretion to deny the motion to withdraw deemed admissions, and because we overrule the sole basis upon which Weiss has contested the Abbott affidavit, we are compelled to affirm the order granting summary judgment.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice


Date Submitted:      June 8, 2010
Date Decided:       June 25, 2010

23