

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00020-CV
_____

GLENN STELLY, Appellant

V.

GABE TARR, Appellee

On Appeal from the County Court at Law
Bowie County, Texas
Trial Court No. 10-C-0921-CCL

Before Carter, Moseley and Cornelius,* JJ.
Opinion by Justice Moseley

_____

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

OPINION

Gabe Tarr, a past director of the HRC Foundation, Inc. (Foundation),[1] sued Glenn Stelly, the president of the Foundation, individually, for defamation. Tarr's suit alleged that removal of his name as a board member for "misdirect[ing] significant funds from the Foundation" "served to effectively defame him and damage his reputation." Stelly, a Louisiana resident, challenged the trial court's personal jurisdiction by filing a special appearance. He appeals the trial court's denial of his special appearance.[2] Because we conclude that Stelly was not subject to *in personam* jurisdiction in Texas, we reverse the trial court's judgment and render a judgment dismissing the case for lack of personal jurisdiction.

I.      Standard of Review

In Tarr's suit against nonresident defendant Stelly, the initial burden of proof to plead sufficient allegations to bring Stelly within the provisions of the Texas long-arm statute was upon Tarr. *Motor Car Classics*, *LLC v. Abbott*, 316 S.W.3d 223, 229 (Tex. App.—Texarkana 2010, no pet.) (citing *Kelly v. Gen. Interior Constr.*, *Inc.*, 301 S.W.3d 653, 658 (Tex. 2010)). If Tarr met his pleading burden, the burden of proof shifted to Stelly, who was required to negate all possible grounds for personal jurisdiction alleged by Tarr. *Id.*; *see BMC Software Belgium*, *N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). Personal jurisdiction is a question of law, which we

---

[1]HRC Foundation, Inc. is an Illinois nonprofit organization which raises funds for the Hunting Retriever Club., Inc. (HRC, Inc.).

[2]As an interlocutory ruling on a special appearance, the order was immediately appealable. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West 2008).

review de novo. *Abbott*, 316 S.W.3d at 229–30 (citing *Retamco Operating*, *Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 337 (Tex. 2009)); *Milacron Inc. v. Performance Rail Tie*, *L.P.*, 262 S.W.3d 872, 875 (Tex. App.—Texarkana 2008, no pet.).

In resolving this question of law, a trial court must often resolve questions of fact. *Abbott*, 316 S.W.3d at 230 (citing *Am. Type Culture Collection*, *Inc. v. Coleman*, 83 S.W.3d 801, 805–06 (Tex. 2002)); *Milacron*, 262 S.W.3d at 875. Our courts of appeals may review the fact-findings for both legal and factual sufficiency. *Abbott*, 316 S.W.3d at 230 (citing *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996)). We review de novo the trial court's legal conclusions. *Id.* (citing *Marchand*, 83 S.W.3d at 794); *Milacron*, 262 S.W.3d at 875. Because the record in this case does not contain findings of fact and conclusions of law, we must imply all findings of fact necessary to support the trial court's judgment that are supported by the evidence. *Id*. (citing *Marchand*, 83 S.W.3d at 795).

## II. The Trial Court Did Not Have Personal Jurisdiction Over Stelly

The Due Process Clause of the Fourteenth Amendment limits the power of a state court to render a valid personal judgment against a nonresident defendant. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980); *Int'l Shoe Co. v. State of Washington, Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945). A Texas court may exercise personal jurisdiction over Stelly to the extent authorized by state and federal due process standards and the long-arm statute. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 356 (Tex. 1990). The Texas

long-arm statute permits the exercise of personal jurisdiction over a nonresident defendant, limited by the federal constitutional requirements of due process. *Abbott*, 316 S.W.3d at 230. Personal jurisdiction over Stelly was properly exercised within the confines of due process if (1) Stelly had established minimum contacts with Texas and (2) the exercise of jurisdiction over him comported with traditional notions of fair play and substantial justice.[3] *Id.* (citing *Washington*, 326 U.S. at 316).

Federal due process mandates that Stelly "purposefully avail" himself of the privilege of conducting activity within the forum state, thus invoking the benefits and protections of its laws. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985); *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). This minimum contacts analysis protects Stelly from being hailed into court if his relationship with Texas is too attenuated to support jurisdiction. *Abbott*, 316 S.W.3d at 230 (citing *Schlobohm*, 784 S.W.2d at 357). Stelly's activities, whether they consisted of direct acts within Texas or conduct outside Texas, must justify a conclusion that he could reasonably anticipate being called into court in Texas.[4] *Id.* (citing *Woodson*, 444 U.S. at 297). It is the quality and nature of Stelly's contacts, rather than their number, that are important to the minimum contacts analysis. *Id.*

---

[3] We are to consider first whether the defendant has established "minimum contacts" with Texas; if that threshold is met, we then consider whether the assertion of jurisdiction comports with fair play and substantial justice. *See Marchand*, 83 S.W.3d at 795.

[4] Our long-arm statute allows Texas courts to exercise jurisdiction over foreign defendants who are "doing business" within the state. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (West 1997); *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996); *Kelly Inv., Inc. v. Basic Capital Mgmt., Inc.*, 85 S.W.3d 371, 374 (Tex. App.—Dallas 2002, no pet.).

To meet purposeful availment, we first note that it is only Stelly's contacts "with the forum that count: [because] purposeful availment 'ensures that a defendant will not be haled into a jurisdiction solely as a result of . . . the 'unilateral activity of another party or a third person.'''" *Michiana Easy Livin' Country*, *Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005); *Guardian Royal Exch. Assurance*, *Ltd. v. English China Clays*, *P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991). Second, the acts relied on cannot be "random, isolated, or fortuitous." *Holten*, 168 S.W.3d at 785. "Third, a defendant must seek some benefit, advantage, or profit by 'availing' itself of the jurisdiction." *Id.* "Jurisdiction is premised on notions of implied consent--that by invoking the benefits and protections of a forum's laws, a nonresident consents to suit there." *Id.*

## A. Specific Jurisdiction Was Not a Theory Presented to the Trial Court

Personal jurisdiction may be based either on specific jurisdiction or general jurisdiction. For the trial court's exercise of specific jurisdiction over Stelly to be proper, two requirements must have been met: (1) Stelly's contacts with the forum must have been purposeful, and (2) Tarr's cause of action must have arisen from or relate to those contacts. *Id.* at 795; *Coleman*, 83 S.W.3d at 806; *Guardian Royal Exch. Assur.*, 815 S.W.2d at 227.

It appears that the theory of specific jurisdiction over Stelly has not been pursued by Tarr. At the trial level hearing on Stelly's special appearance, Tarr's trial counsel stated, "We are not pursuing specific jurisdiction in this matter because I don't think we're in a position to prove that."

5

In addition, no argument on appeal supports the position that Stelly's contacts with Texas gave rise to Tarr's suit for defamation.

## B.    Stelly Did Not Subject Himself to General Jurisdiction

Tarr's remaining option was to establish that Stelly's contacts gave rise to general jurisdiction.    General jurisdiction exists when the defendant's contacts with Texas "are continuous and systematic so that the forum may exercise personal jurisdiction over the defendant even if the cause of action did not arise from or relate to activities conducted within the forum state."   *Abbott*, 316 S.W.3d at 230 (quoting *Marchand*, 83 S.W.3d at 796).   If subject to general jurisdiction in Texas, the trial court would be permitted to exercise jurisdiction over Stelly even if the cause of action did not arise from or relate to his contacts with the forum.   *Id.* (citing *Coleman*, 83 S.W.3d at 806–07).   Because general jurisdiction "is a more demanding minimum contacts analysis than specific jurisdiction," Stelly's contacts "should be such as to justify categorizing [him] as a resident of this State."   *Id.* at 230–31; *In re Estate of Davis*, 216 S.W.3d 537, 544 (Tex. App.—Texarkana 2007, pet. denied).

Tarr informed the trial court that HRC, Inc., is "a nonprofit organization, who's engaged in training water dogs, the majority of these being labs, to hunt water fowl."   With respect to Stelly's contacts with the State of Texas, Tarr testified:

> Well, Glenn Stelly is also a judge among [the local] HRC, so any time we have a field trial here in Bowie County, which we have once a year, frequently he comes. Also, he is a dog owner, so sometimes he runs his dogs.   He has numerous contacts with [Texas resident] Mike Dettrick.   Mike Dettrick is the treasurer for HRC, Inc.,

so, therefore, if there's any monies that he gives to the foundation, vice versa, he will have to have conversations with -- with Glenn. [Texas resident] Claudine Cooper being the secretary, obviously, and Glenn being the president, obviously, you expect a normal president to administrator [sic] contacts. I can't tell you how many, but you would expect there to be a [sic] quite a few number of those.

Tarr also testified Stelly contacted him in connection with his work as a Foundation board member. In addition to seeking sponsorships, Tarr claimed that a local HRC affiliate, the Four States Hunting Retriever Club, Inc. (Four States), would obtain items from local vendors and raffle them for revenue at the "yearly hunt" in Maud, Texas. Stelly was present in Texas for a period of four days in 2006 to serve as a judge for the Four State's yearly hunt.

A grand hunt of HRC, Inc., was held in 2007 in Maud. Tarr testified Stelly was on the national grand hunt committee and that Tarr contacted him to obtain the "tax ID" number for the Foundation. Tarr testified, "[Stelly] and I had a long, long conversation about the local club and check and can we do this, can we not do this . . . ." This telephone call by Tarr prompted other calls from Louisiana to Texas, which resulted in a "great relationship of [Tarr] helping him understand what a foundation can and cannot do." Stelly was present during the grand hunt, which lasted five days. Tarr testified that no director of the Foundation is paid for their service.

"General jurisdiction is premised on the notion of consent. That is, by invoking the benefits and protections of a forum's laws, a nonresident defendant consents to being sued there" for any cause of action. *Coleman*, 83 S.W.3d at 808. We do not find that Stelly subjected himself to general jurisdiction on the basis of an unknown number of telephone calls made to three

7

people in this State.[5]  *See Marsh v. Marsh*, 241 S.W.3d 570, 578 (Tex. App.—El Paso 2007, no pet.) (social trips to Texas and telephone calls did not give rise to general jurisdiction); *Eakin v. Acosta*, 21 S.W.3d 405, 410 (Tex. App.—San Antonio 2000, no pet.) ("Even when coupled with written correspondence and isolated trips to the forum state, long-distance telephone calls are generally not considered purposeful activities directed toward residents of the forum state."), *disapproved on other grounds by Marchand*, 83 S.W.3d at 794 n.1; *N803RA, Inc. v. Hammer*, 11 S.W.3d 363, 368 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (nonresident defendant's contact of Texas company, numerous telephone calls to the company over period of year, and receiving commissions by checks drawn on Texas bank insufficient to support general jurisdiction).   Nor can we conclude that Stelly's attendance as a judge in Texas for two hunts, one by invitation from Four States, and another whose location was chosen by the Foundation, is sufficient to subject him to general jurisdiction.  *Coleman*, 83 S.W.3d at 809 ("attendance at the five Texas conferences does not support the exercise of general jurisdiction.  The record reflects that the scientific community, not ATCC, selected the conference locations.") (citing *Nat'l Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 796, 774 (Tex. 1995) (no general jurisdiction where nonresident association sent an association representative to national conference in Texas)).   Also, because Stelly was not paid for his volunteer activities with the Foundation, "contacts with Texas were not grounded on

---

[5]On appeal, Stelly also argued that he was immune from general jurisdiction under the fiduciary shield doctrine.   The record does not demonstrate that such an argument was raised below.   As a result, we decline to consider it on appeal.   *Alencar v. Shaw*, 323 S.W.3d 548, 556 (Tex. App.—Dallas 2010, no pet.) (declining to address fiduciary shield doctrine where not argued to trial court below).

any expectation or necessity of invoking the benefits and protections of Texas law, nor were they designed to result in profit from a business transaction undertaken in Texas." *U–Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 763 (Tex. 1977). Thus, the record does not demonstrate purposeful availment.

We find that Stelly's contacts with the State of Texas, comprised of telephone calls in his capacity as a Foundation director, and personal visits totaling approximately twelve days, were random, rather than continuous and systematic. The contacts were not such "as to justify categorizing [Stelly] as a resident of this State." *Schexnayder v. Daniels*, 187 S.W.3d 238, 243 (Tex. App.—Texarkana 2006, pet. dism'd w.o.j.). General jurisdiction was not established.[6]

## III. Conclusion

We reverse the trial court's judgment and render dismissal of the cause for want of personal jurisdiction.

Bailey C. Moseley
Justice

Date Submitted:     June 16, 2011
Date Decided:       June 17, 2011

---

[6]Given that we do not find purposeful availment, we need not address whether the exercise of jurisdiction would comport with fair play and substantial justice.