

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00053-CV

DEBORAH HAYWARD, Appellant

V.

SOCORRO GOMEZ, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 88034

Before Stevens, C.J., van Cleef and Rambin, JJ.
Opinion by Chief Justice Stevens

# O P I N I O N

Socorro Gomez sued Deborah Hayward for breach of a rent-to-own agreement. Gomez filed a traditional motion for summary judgment based, in part, on deemed admissions. The trial court granted Gomez's motion and entered judgment against Hayward, who did not file a response to the summary judgment motion but instead asked that she be allowed to withdraw her deemed admissions. On appeal, Hayward argues that the trial court erred by granting summary judgment based on the deemed admissions. Because the summary judgment is supported by evidence independent of the deemed admissions and the circumstances of this case support the trial court's exercise of discretion to implicitly deny the motion to withdraw the deemed admissions, we overrule Hayward's sole point of error and affirm the trial court's judgment.

## I. Factual and Procedural Background

Gomez sued Hayward on October 8, 2019, for breach of contract involving a four-bedroom home located at 2216 Wilson Hill, Neylandville, Texas (the Property). The contract, signed by both Hayward and Gomez and titled "Rent to Own Agreement" (the Agreement), required a $15,000.00 deposit, set a monthly payment of $650.00, and gave Gomez the exclusive "option to purchase the [P]roperty . . . for a purchase price of $100,000.00." The "OPTION TO PURCHASE" section stated, "The Landlord shall credit towards the purchase price at closing the sum of $650.00 from each monthly lease payment that the Tenant timely made." Pursuant to the Agreement, Hayward had "the responsibility to maintain the Premises in good repair at all times and perform all repairs necessary to satisfy any implied warranty of habitability." The Agreement began on June 6, 2016, and was set to terminate on May 31, 2020, unless Gomez

2

exercised the option to purchase. Hayward was also permitted to terminate the Agreement by providing written notice. Gomez made payments pursuant to the Agreement.

Even so, Gomez alleged that Hayward filed an eviction suit against her on June 26, 2018, "without cause and without following the procedures set forth in the contract." After Hayward's lawsuit was dismissed, Gomez alleged that Hayward did not own the Property and had no authority to sell or lease it. Hayward answered and filed her own breach of contract claim, arguing that alterations were made to the Property without her consent.

Discovery disputes followed. On November 19, 2019, Gomez filed requests for disclosures. Requests for production and interrogatories were served on Hayward on January 31, 2020. On March 11, Gomez's counsel emailed Hayward's counsel about the discovery responses and, on April 15, informed her that they were "still waiting" for discovery responses "that were due almost two months" prior to that time. The email warned of an impending motion to compel the discovery. Hayward's counsel replied that she was waiting on Hayward's responses and would reach out to her. On April 16, Gomez served Hayward with requests for admissions.

On May 1, 2020, Gomez filed a motion to compel responses to the requests for disclosures, requests for production, and interrogatories. Because they were not yet due, the requests for admissions were not mentioned in Gomez's motion. After a May 15, 2020, hearing, the trial court granted Gomez's motion to compel and ordered Hayward to respond to the requests for disclosures, requests for production, and interrogatories within one week. Hayward was also ordered to pay $1,150.00 in attorney fees.

3

The May 18 deadline to respond to the requests for admissions passed without any response from Hayward. Also, the record showed that Hayward did not comply with the trial court's May order compelling disclosures, production of documents, and responses to interrogatories. Even so, Gomez's counsel agreed to an extension to respond to the discovery requests until June 1. When that deadline passed without any response, Gomez's counsel attempted to confer with Hayward's counsel and again agreed to an extension until June 5.

On June 9, Gomez alleged that Hayward served "inadequate, incomplete and evasive responses" to the interrogatories and requests for production. Gomez added that she had not received any responses to the requests for disclosures or the payment of attorney fees awarded by the May order. On June 18, 2020, Gomez filed another motion to compel responses to the requests for disclosures, requests for production, and interrogatories and moved for sanctions. The requests for admissions, which had already been deemed admitted, were not mentioned in Gomez's motion. *See* TEX. R. CIV. P. 198.2(c). After a June 22 hearing on the second motion to compel, the trial court took the matter under advisement and said it would revisit the issue on June 26. On June 26, the parties reported that the matter had been resolved.

Almost two years later, on May 18, 2022, Gomez filed a motion for summary judgment based, in part, on Hayward's deemed admissions. The motion for summary judgment attached the Agreement, a deed showing that the Property was purchased by Willie L. Bush and Neita J. Bush in 1975, and Gomez's affidavit stating that (1) Hayward was not the true title holder of the Property, (2) Hayward did not have authority to sell or lease the Property, and (3) Gomez had "paid a total of $65,000 pursuant to the Contract with an expectation that [she] owned the house

4

under the rent-to-own agreement." The motion also attached Gomez's counsel's affidavit and emails showing that Hayward's counsel received and acknowledged the requests for admissions due on May 18, 2020, and that Hayward had never paid the attorney fees ordered by the trial court's May 2020 order.

Hayward did not file a response to the summary judgment motion. Instead, on May 31, 2022, Hayward filed a motion to withdraw the deemed admissions. The motion acknowledged that Gomez had served the requests for admissions on April 16, 2020. Even so, the motion (1) stated that Hayward's counsel did not realize that there were deemed admissions, (2) generally referred to the COVID-19 pandemic's "contribut[ion] to counsel's inaction," (3) stated that counsel simply "forgot or overlooked that the responses had not been provided," (4) attached the long-overdue responses, and (5) asked the trial court for an additional five days to respond to the motion for summary judgment. Tellingly, Hayward's late response admitted both that she did not have title to the Property at the time she entered into the Agreement and that she did not own the Property in fee simple at that time.

In response to Hayward's motion to withdraw the deemed admissions, Gomez argued that Hayward should not receive any extension because the motion was filed on the day before her response to the summary judgment motion was due. Gomez also argued that there was no evidence of good cause attached to Hayward's motion that would permit withdrawal of the deemed admissions. Gomez represented that Hayward had a history of non-compliance with discovery rules, that she had not paid the discovery sanctions ordered by the trial court two years

5

earlier, and that it would prejudice Gomez if Hayward were allowed to withdraw deemed admissions on the eve of summary judgment and forty-one days before trial.

Nothing shows that the trial court expressly ruled on Hayward's motion to withdraw the deemed admissions. On June 9, in the absence of any summary judgment response from Hayward, the trial court granted summary judgment on Gomez's breach of contract claim and ordered that Hayward take nothing on her claims. Gomez was awarded $65,000.00 in actual damages and $15,000.00 in attorney fees, interests, and court costs.[1]

## II. There Was No Error in the Trial Court's Implicit Denial of Hayward's Motion to Withdraw the Deemed Admissions

Hayward's contention that the trial court erred by granting summary judgment is based entirely on the argument that she should have been allowed to withdraw her deemed admissions and file a late summary judgment response.

### A. Standard of Review

We review the decision to permit or deny withdrawal of deemed admissions for an abuse of discretion. *Motor Car Classics, LLC v. Abbott*, 316 S.W.3d 223, 236 (Tex. App.—Texarkana 2010, no pet.). As a result, "[a] ruling on whether to strike deemed admissions will only be set aside upon a showing of clear abuse of discretion." *Id.* "Although trial courts have broad discretion to permit or deny withdrawal of deemed admissions, they cannot do so arbitrarily, unreasonably, or without reference to guiding rules or principles." *Id.* (citing *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam)).

---

[1]This judgment was made final after Gomez nonsuited remaining causes of action.

## B.    Applicable Law

Under Rule 198 of the Texas Rules of Civil Procedure, if a party does not timely respond to a request for admissions, "the request is considered admitted without the necessity of a court order." TEX. R. CIV. P. 198.2(c).  Any matter deemed admitted "is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." TEX. R. CIV. P. 198.3.  "The [trial] court may permit the party to withdraw or amend the admission if . . . the party shows good cause for the withdrawal or amendment" and the trial court finds both "that the parties relying upon the responses and deemed admissions will not be unduly prejudiced and that the presentation of the merits of the action will be subserved by permitting the party to amend or withdraw the admission."  *Id.*; *see Wheeler v. Green*, 157 S.W.3d 439, 443 n.2 (Tex. 2005) (per curiam).  Good cause "is established by showing the failure involved was an accident or mistake, not intentional or the result of conscious indifference." *Marino v. King*, 355 S.W.3d 629, 633 (Tex. 2011) (per curiam) (quoting *Wheeler*, 157 S.W.3d at 442).  "'Conscious indifference' has been defined as 'the failure to take some action that would seem obvious to a reasonable person in the same circumstance.'" *Todd v. Heinrich*, No. 01-10-00267-CV, 2011 WL 2183881, at *6 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.) (quoting *In re A.P.P.*, 74 S.W.3d 570, 573 (Tex. App.—Corpus Christi 2002, no pet.)).  "Undue prejudice depends 'on whether withdrawing an admission or filing a late response will delay trial or significantly hamper the opposing party's ability to prepare for it.'" *Id.* (quoting *Wheeler*, 157 S.W.3d at 443).

7

As to non-merit-preclusive admissions, "the party seeking withdrawal of the deemed admissions has the burden to establish good cause." *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 856 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914–15 (Tex. 1992). Here, Gomez acknowledges that the deemed admissions contained both non-merit-preclusive and merit-preclusive admissions. A different standard applies when the deemed admissions are merit-preclusive.

"Requests for admission are intended to simplify trials." *Marino*, 355 S.W.3d at 632. "They are useful when 'addressing uncontroverted matters or evidentiary ones like the authenticity or admissibility of documents.'" *Id.* (quoting *Wheeler*, 157 S.W.3d at 443). They are not intended to "be used as a demand upon a plaintiff or defendant to admit that he had no cause of action or ground of defense." *Id.* (quoting *Sanders v. Harder*, 227 S.W.2d 206, 208 (Tex. 1950)); *see Medina v. Zuniga*, 593 S.W.3d 238, 244 (Tex. 2019).

When there are merit-preclusive admissions, due process is implicated since the deemed admissions compromise a party's right to present the merits of her case. *See Medina*, 593 S.W.3d at 244; *Wheeler*, 157 S.W.3d at 443. By denying a motion to withdraw merit-preclusive admissions, the trial court effectively enters a case-ending discovery sanction. *Marino*, 355 S.W.3d at 632 ("[W]hen admissions are deemed as a discovery sanction to preclude a presentation of the merits, they implicate the same due process concerns as other case-ending discovery sanctions."). As a result, when a party moves to withdraw deemed admissions that are merit-preclusive, due process requires the party opposing withdrawal to prove that the moving

party's failure to answer the admissions resulted from "flagrant bad faith or callous disregard of the rules." *Id.* at 633 (quoting *Wheeler*, 157 S.W.3d at 443).

Although a party moving to withdraw admissions ordinarily must prove the requirements of Rule 198.3, when the deemed admissions are merit-preclusive, good cause exists absent bad faith or callous disregard of the rules by the party seeking the withdrawal. *Id.* at 634. The requirement to show bad faith or callous disregard becomes an element of the movant's summary judgment burden. *Id.* at 634 (citing *Wheeler*, 157 S.W.3d at 443–44).

C.    **Analysis**

As for the non-merit-preclusive requests, Gomez's summary judgment evidence showed that she sent the requests for admissions to Hayward's counsel, who acknowledged the receipt by responding to the email attaching the requests. Hayward claimed in his brief that counsel did not realize that any admissions were due until she received Gomez's motion for summary judgment. "Inadvertence of counsel is not good cause for failure to adhere to discovery deadlines." *Pjetrovic v. Home Depot*, 411 S.W.3d 639, 646 (Tex. App.—Texarkana 2013, no pet.); *see Cresson Int., LLC v. Rooster*, No. 02-21-00366-CV, 2022 WL 3904968, at *6 (Tex. App.—Fort Worth Aug. 31, 2022, no pet.) (mem. op.); *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 915 (Tex. 1992) ("If inadvertence of counsel, by itself, were good cause, the exception would swallow up the rule, for there would be few cases in which counsel would admit to making a deliberate decision not to comply with the discovery rules."). Hayward also generally refers to the COVID-19 pandemic, but "[a]lthough COVID-19 unquestionably upended the normal course of events across every aspect of life, 'the fact of the pandemic, standing alone, is not a reasonable

9

explanation' for a missed deadline." *Cresson Int., LLC*, 2022 WL 3904968, at \*6 (citing *Jones v. White*, No. 02-20-00198-CV, 2020 WL 5666564, at \*1 (Tex. App.—Fort Worth Sept. 24, 2020, no pet.) (mem. op.)).

> With respect to the merit-preclusive requests,
>
> [a]lthough "a lack of care, simple bad judgment, or a mistaken belief that no discovery had been served does not rise to the level of bad faith or callous disregard for the rules," evidence showing that "a party is mindful of pending deadlines and nonetheless either consciously or flagrantly fails to comply with the rules" satisfies the standard.

*Est. of Campos*, No. 04-19-00350-CV, 2020 WL 1866460, at \*4 (Tex. App.—San Antonio Apr. 15, 2020, no pet.) (mem. op.) (quoting *Ramirez v. Noble Energy, Inc.*, 521 S.W.3d 851, 860 (Tex. App.—Houston [1st Dist.] 2017, no pet.)). "A failure to respond that is intentional or the result of conscious indifference is the equivalent of a nonresponding party's 'flagrant bad faith or callous disregard for the rules.'" *Id.* (quoting *Carter v. Perry*, 02-14-00185-CV, 2015 WL 4297586, at \*3 (Tex. App.—Fort Worth July 9, 2015, no pet.) (mem. op.)).

Gomez's counsel filed an affidavit showing that she served the requests for admissions on April 16, 2020. Her attached email also showed that Hayward received the requests and responded to the email, which demonstrated that she was aware of the deadline for filing the responses. The affidavit and appellate record both showed that Hayward had repeatedly failed to respond to discovery and was subjected to a second motion to compel the same discovery after she responded with evasive and insufficient answers. The requests for admissions were deemed admitted on May 18, 2020. One day later, Hayward was sanctioned for failing to respond to requests for disclosures, requests for production, and interrogatories.

10

Even though Hayward's counsel was well aware of the consequences of failing to respond to discovery because of the parties' other discovery disputes, two years had passed when Gomez's attorney filed the motion for summary judgment on May 18, 2022.[2]  Gomez's attorney also swore that she had not received any satisfaction of the $1,150.00 sanction required by the trial court's May 2020 order.  Also, instead of immediately filing a motion to withdraw the deemed admissions, Hayward waited until the day before her summary judgment response was due.  We find that Gomez's summary judgment evidence showed that Hayward's counsel engaged in a pattern of ignoring discovery requests and court sanctions related to discovery.  *See Todd*, 2011 WL 2183881, at *9 (citing *Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 169 (Tex. 2008) (per curiam) ("This pattern of ignoring deadlines and warnings from the opposing party amounts to conscious indifference.")); *Est. of Campos*, 2020 WL 1866460, at *5.

Moreover, the trial court was required to find that "the presentation of the merits of the action w[ould] be subserved by permitting the party to amend or withdraw the admission."  TEX. R. CIV. P. 198.3.  Even excluding the deemed admissions, Gomez's summary judgment evidence—which was never controverted since Hayward never responded to the summary judgment motion[3]—showed that (1) she and Hayward entered into the Agreement, (2) Hayward did not have the authority to sell or lease the Property because she did not have title to it when

---

[2]The record shows that a hearing was scheduled on the motion for summary judgment on June 8.

[3]Hayward argues on appeal that she had raised a claim that the Agreement "was not the actual agreement between the parties."  There was no evidence supporting Hayward's claim.  Also, "a party who fails to expressly present to the trial court any written response in opposition to a motion for summary judgment waives the right to raise any arguments or issues post-judgment."  *Unifund CCR Partners v. Weaver*, 262 S.W.3d 796, 797–98 (Tex. 2008) (per curiam).

the Agreement was executed, (3) Hayward failed to make necessary repairs, (4) Hayward did not provide notice of termination under the Agreement, and (4) Gomez was damaged in the amount of $65,000.00. In her responses attached to the motion to withdraw the deemed admissions, Hayward affirmatively admitted that she did not have title to the Property and did not own the Property in fee simple when she entered into the Agreement. From this evidence and Hayward's failure to file any summary judgment response, the trial court could have concluded that permitting the withdrawal of the deemed admissions would have no effect on the merits of the case.

Based on the record before us, we find no abuse of discretion in the trial court's decision to deny Hayward's motion to withdraw the deemed admissions.

## III.    Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Chief Justice


Date Submitted:      January 18, 2023
Date Decided:        February 7, 2023

12