

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-08-00019-CV
_____

MILACRON INC., Appellant

V.

PERFORMANCE RAIL TIE, L.P., Appellee

On Appeal from the 62nd Judicial District Court
Lamar County, Texas
Trial Court No. 75389

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

Delaware corporation Milacron Inc. appeals the denial of its special appearance filed during trial. We affirm the trial court's ruling that Milacron Inc. waived its special appearance for a variety of reasons, including its neglect of the Texas Rules of Civil Procedure.

## I.        Procedural Background:  The Games Begin

Performance Rail Tie, L.P., brought suit against Milacron Inc., which Performance alleged had manufactured an extruder component contained within a machine built to produce composite railroad ties. The extruder component malfunctioned, causing an explosion which severely damaged the railroad tie machine. After filing suit, Performance had Milacron Inc. served with citation. In response, Performance received an answer from Milacron Marketing Company (not then yet sued by Performance), which purported to unilaterally substitute itself as the proper party to the suit in lieu of Milacron Inc. Performance subsequently amended its petition several times to include both Milacron Marketing Company and Milacron Inc. Despite the amended pleadings (which contained an amended style and included the names of both entities as party defendants), no special exception was filed by Milacron Inc.[1] Instead, all pleadings and discovery documents were executed either by

---

[1] For the first time on appeal, Milacron Inc. argues that Performance brought suit against "Milacron, Inc., an entity that does not exist" (pointing out that the true name of the corporation does not contain a comma). Since no special exception was filed to point out to the trial court the existence of the superfluous comma, we reject Milacron Inc.'s argument that suit was improperly brought against it.

"Milacron Marketing Company" or as "Milacron Marketing Company incorrectly sued as Milacron, Inc."

Although the defendants had sought to delay it, the case proceeded to trial with opening statements commencing on January 14, 2008. Until that day, nothing in the record suggested that Milacron Inc. had attempted to alert the trial court or Performance to the issue of personal jurisdiction. Unfortunately, this Court was not presented with any reporter's record detailing the crucial facts surrounding the filing of the special appearance. However, oral arguments at appeal suggested that after opening statements in the trial began, the same attorneys who appeared for Milacron Marketing Company presented the trial court with a motion filed on behalf of Milacron Inc. wherein it sought to make a special appearance. Attached to this motion was a document (unsigned at that point) which would, if signed, be an affidavit in support of a special appearance for Milacron Inc. that set out basic facts which, if proven, would tend to support the lack of jurisdiction over Milacron Inc. This document was subsequently executed by the affiant and refiled. There is no record to indicate that Milacron Inc. requested a hearing on its special appearance or objected to any failure to rule on it. The parties proceeded to a trial on the merits, after which the trial court entered an order denying Milacron Inc.'s special appearance, finding that Milacron Inc. had waived it.

## II.     Standard of Review

Whether the trial court had personal jurisdiction over Milacron Inc. is a question of law. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *Conner v.*

3

*ContiCarriers & Terminals, Inc.*, 944 S.W.2d 405, 411 (Tex. App.—Houston [14th Dist.] 1997, no writ). However, the resolution of that question is preceded by the analysis of underlying factual disputes. *Marchand*, 83 S.W.3d at 794; *Conner*, 944 S.W.2d at 411. The standard of review to determine the appropriateness of the trial court's resolution of those facts is an ordinary sufficiency of the evidence review. *Conner*, 944 S.W.2d at 411. Thus, when we review this trial court's order denying Milacron Inc.'s special appearance, we review the findings of fact for legal and factual sufficiency, but we review de novo the conclusions of law drawn from those facts. *See id.*; *CNOOC Se. Asia Ltd. v. Paladin Res. (SUNDA) Ltd.*, 222 S.W.3d 889, 894 (Tex. App.—Dallas 2007, pet. denied); *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 6 (Tex. App.—San Antonio 2004, pet. denied). Disputed fact issues relating to personal jurisdiction will be found in support of the trial court's judgment. *Hotel Partners v. Craig*, 993 S.W.2d 116, 120 (Tex. App.—Dallas 1994, writ denied) (citing *Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987)).

### III. Milacron Inc. Waived Its Special Appearance

To promote judicial economy, Rule 120a(1) of the Texas Rules of Civil Procedure mandates that a special appearance be filed "prior to motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a(1). This is sometimes referred to as the "due-order-of-pleading" requirement. *Exito Electronics Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004). The rule encourages personal jurisdiction issues to be disposed of early in litigation and states "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance."

4

Texas law clarifies that a special appearance is waived through participation in the trial. *Bullock v. Briggs*, 623 S.W.2d 508, 511 (Tex. App.—Austin 1981, writ ref'd n.r.e.). A specially appearing defendant may not go to trial on the merits of the case without first obtaining a ruling on his special appearance. *Bruneio v. Bruneio*, 890 S.W.2d 150, 154 (Tex. App.—Corpus Christi 1994, no writ); *Seeley v. Seeley*, 690 S.W.2d 626, 628 (Tex. App.—Austin 1985, no writ). For this reason, Rule 120a requires that the specially appearing defendant timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction. TEX. R. CIV. P. 120a; *Hart v. State*, No. 03-02-00542-CV, 2003 Tex. App. LEXIS 1747, at *6 (Tex. App.—Austin Feb. 27, 2003, no pet.) (mem. op.).

It is the responsibility of a defendant which attempts to rely upon a special appearance to request a hearing and secure a ruling on the preliminary question of personal jurisdiction. *Bruneio*, 890 S.W.2d at 154. Not only must a specially appearing defendant request a hearing on the determination of the special appearance, it must specifically call that request to the trial court's attention. *Id*. A defendant waives his special appearance by not timely pressing for a hearing. *Id*.; *Steve Tyrell Prods., Inc. v. Ray*, 674 S.W.2d 430, 436–37 (Tex. App.—Austin 1984, no writ). It is inappropriate, especially when considering judicial economy, to litigate the special appearance in connection with the trial of the matter. *Bruneio*, 890 S.W.2d at 154.

Rule 120a(4) provides that if an order is entered denying the special appearance, the objecting party "may thereafter appear generally for any purpose" without waiver of the special appearance.

TEX. R. CIV. P. 120a(4). However, if the objecting party allows a trial to proceed without obtaining a ruling on its Rule 120a motion, the special appearance is waived and the party has consented to the court's jurisdiction. *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ).

Milacron Inc. was named as a party in Performance's lawsuit and was represented by counsel who appeared in the courtroom to defend that lawsuit on January 14. Although disputed, Performance's briefing states that "Milacron Defendants" answered ready for trial. Since there is no record indicating otherwise, this disputed fact issue will be resolved in favor of the trial court's ruling.[2] *Craig*, 993 S.W.2d at 120. Milacron Inc. waited until after opening statements to file its special appearance and failed to request a hearing and secure a ruling on the special appearance before proceeding to trial on the merits. Since Milacron Inc. was present through its attorneys and allowed the case to be tried on the merits before the trial court ruled on its special appearance, it effectively entered a general appearance. *Seeley*, 690 S.W.2d at 627–28.

We need not address the issue of whether Milacron Inc. waived its special appearance through pleadings and discovery filed by its attorneys which were conducted under the name

---

[2]The burden was on Milacron Inc. to present a sufficiently complete record that clearly demonstrated the error of which it complained. Since Milacron Inc. did not request a reporter's record and the Court only has a partial record before it (the portion filed by Performance), every reasonable presumption will be indulged in favor of the trial court's ruling. *See* TEX. R. APP. P. 38(h); *Arredondo v. Rodriguez*, 198 S.W.3d 236, 239 (Tex. App.—San Antonio 2006, no pet.); *Cooper v. Bowser*, 610 S.W.2d 825, 828 (Tex. Civ. App.—Tyler 1980, no writ); *Meyer v. Worden*, 530 S.W.2d 904, 906 (Tex. Civ. App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.); *Coleman v. Pac. Employers Ins. Co.*, 484 S.W.2d 449, 454 (Tex. Civ. App.—Tyler 1972, writ ref'd n.r.e.) (op. on reh'g); *Wright v. Mack Motor Truck Corp.*, 336 S.W.2d 831, 833 (Tex. Civ. App.—Houston 1960, no writ).

"Milacron Marketing Company incorrectly sued as Milacron, Inc." We do point out, however, that contrary to the rules prescribed by the Texas Rules of Civil Procedure, Milacron Inc. did not complain about service to the trial court and did not file a special exception or verified plea subject to a special appearance. Instead, it attempted to unilaterally substitute a party, used the same attorneys to defend the lawsuit and participated in discovery through that substituted party, saw that its attorneys signed off on pleadings that included Milacron Inc. in the style of the case, failed to answer amended petitions containing both Milacron Marketing Company and Milacron Inc., prepared a special appearance and affidavit immediately prior to or at trial, and decided to spring the special appearance upon the court and the parties at the last minute. Although this could be attributed to error on the part of the defendants, it smacks more of procedural gamesmanship, conduct we cannot condone.

We affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     August 13, 2008
Date Decided:      August 27, 2008

7