Motion for Rehearing Overruled, Motion to Strike Granted, and
Supplemental Opinion on Rehearing filed July 30, 2009








 

Motion
for Rehearing Overruled, Motion to Strike Granted, and Supplemental Opinion on
Rehearing filed July 30, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00272-CV

____________

 

NOGLE & BLACK AVIATION, INC.
AND CHARLES JUDSON NOGLE, Appellants

 

V.

 

ANNA MARIA FAVERETTO AS NEXT FRIEND
OF ALEJANDRO MIGLIORI AND MARIANA MIGLIORI, MINORS, AND AMERICO MIGLIORI AS
ADMINISTRATOR OF THE ESTATE OF PEITRO FOSTER MIGLIORI, Appellees

 



 

On Appeal from the Probate
Court No. 1

Harris County, Texas

Trial Court Cause No. 364604-401

 



 

S U P P L E M E N T A L   O P I N I O N   O N   R E H E A R I N G

N&B has moved for rehearing on several grounds.  We
overrule its motion, and we issue this supplemental opinion to address one
issue raised in the motion.








Based on a new deposition page not included in the
appellate record and another deposition page in the record but never cited in
any of its pre-opinion briefing, N&B argues that our conclusion that
jurisdiction is proper based on its relationship with Juarez is mistaken.  We
disagree.  First, we may not consider evidence that is only attached to briefs.[1] 
See Tex. R. App. P. 34.1; City
of Farmers Branch v. Ramos, 235 S.W.3d 462, 467 (Tex. App.CDallas 2007, no
pet.).  Second, the remaining evidence does not establish that the trial court=s decision was
erroneous.  When, as here, the trial court does not issue findings of fact, we
presume the trial court resolved all fact issues in favor of its judgment, and
we will uphold those findings if supported by sufficient evidence.  See Luxury
Travel Source v. Am. Airlines, Inc., 276 S.W.3d 154, 161 (Tex. App.CFort Worth 2008,
no pet.); Schott Glas v. Adame, 178 S.W.3d 307, 312 (Tex. App.CHouston [14th
Dist.] 2005, pet. denied).  We imply that the trial court found that even if
N&B did not, as N&B argues, have a contract with Juarez, it had a substantial
enough relationship to justify the exercise of personal jurisdiction.  We will
construe N&B=s argument as a challenge to the
sufficiency of the evidence supporting this implied finding.








N&B argues that a separate entity, the T-34 Spar
Corporation, alone hired Juarez, that the data Juarez provided to N&B was
only through this corporation, and that N&B had no input in or control over
the scope of the work Juarez performed.  However, the deposition testimony
N&B cites does not clearly establish this theory.  N&B=s deposition
evidence states that Juarez provided data to N&B through the T-34 Spar
Corporation and that the T-34 Spar Corporation offered N&B a certain
inspection procedure that the FAA would not accept unless it was renumbered. 
This evidence does not negate the other relevant evidence, which shows that (1)
N&B paid Juarez for his work, (2) Juarez=s work was performed
in Texas, (3) N&B specifically chose to use Juarez=s work because it
liked Juarez=s inspection procedure the best, (4) the work played
an important part in securing FAA approval of the AMOC, and (5) N&B
profited from the use of Juarez=s work.  At most, N&B=s evidence raises
a fact issue about the nature and extent of its relationship with Juarez, which
does not render the remaining evidence insufficient to support the trial court=s implied finding
of a substantial relationship between N&B and Juarez.  See Zac Smith
& Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex. 1987); Milacron
Inc. v. Performance Rail Tie, L.P., 262 S.W.3d 872, 875 (Tex. App.CTexarkana 2008, no
pet.).  For these additional reasons, we hold the trial court properly
exercised personal jurisdiction over N&B.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Panel consists of
Justices Yates, Seymore, and Boyce.









[1]  It is also for this reason that we grant N&B=s motion to strike the new affidavits the Miglioris
attached to their brief on rehearing, which relate to a causation argument we
do not discuss further in this supplemental opinion.