

# NUMBER 13-17-00426-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

CLINTON HUCKS AND
SHALYNN HUCKS,                                                    Appellants,

**v.**

VALERIE SALAZAR AND
JULISSA SALINAS,                                                  Appellees.

### On appeal from the County Court at Law No. 1
### of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Chief Justice Valdez and Justices Rodriguez and Benavides
### Memorandum Opinion by Justice Benavides

By two issues, which we address as one, appellants Clinton and Shalynn Hucks (the Hucks) challenge the trial court's denial of their special appearance. The Hucks allege that the trial court erred in denying their special appearance because the appellees Valerie Salazar and Julissa Salinas (collectively Salazar) did not plead sufficient

allegations to bring the Hucks within personal jurisdiction of the trial court and the trial court denied the Hucks's special appearance without citing to any authority or grounds. We reverse and remand.

## I. BACKGROUND

Salazar filed suit against the Hucks and Carlos Salinas[1] to recover damages from an automobile accident that occurred in Oklahoma. Salazar's petition simply stated that the losses, damages, and injuries were a result of an automobile accident. In the Hucks's special appearance, they clarified that the automobile accident in question occurred in Garvin County, Oklahoma, not Hidalgo County, where the suit was filed, or even in Texas. Salazar stated in the petition that Salinas resides in Hidalgo County, contributed to the accident by failing "to pay attention and take evasive action," and venue is proper due to Salinas being a Hidalgo County resident.

Salazar's petition also stated the accident was caused by the Hucks's negligence when Clinton "failed to properly apply the truck's brakes to secure his vehicle from striking the rear of [Salazar's] vehicle." Salazar alleged Shalynn committed negligent entrustment of her vehicle by allowing Clinton, "a reckless and incompetent driver" to operate the vehicle, while alleging additional causes of actions against all three parties. Salazar requested monetary damages.

The Hucks responded by filing a special appearance. In their special appearance, the Hucks stated that both Clinton and Shalynn are residents of Oklahoma, have no ties to Texas, and because they "are not residents of Texas, do not have minimum [contacts]

---

[1] Salinas is not a party to this appeal.

2

in Texas and the exercise of jurisdiction over them offends traditional notions of fair play and substantial justice." Additionally, the Hucks claim the automobile driven by Clinton is not registered in Texas. The Hucks also stated that requiring them to travel hundreds of miles to defend themselves would be "unduly burdensome and expensive." Their special appearance also argued that there are "no venue allegations in the petition which establish venue against them in Hidalgo County." The Hucks filed sworn affidavits stating similar facts supporting their special appearance.

Salazar filed a response stating the trial court should overrule the Hucks's special appearance because the Hucks waived their "special appearance by challenging venue, which is outside the scope of special appearance." Salazar claimed the Hucks have invoked the trial court's judgment on a question other than jurisdiction by stating there were no venue allegations in the original petition.

The trial court held a short hearing on the Hucks's special appearance, took into account the evidence on file, and, thereafter, denied the motion. This interlocutory appeal followed. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(7) (West, Westlaw through 2017 1st C.S.).

## II.    SPECIAL APPEARANCE IMPROPERLY DENIED

By two issues, which we construe as one, the Hucks contend the trial court erred in denying their special appearance.

### A.    Standard of Review

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute. *BMC Software*

3

*Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002). A defendant challenging a Texas court's personal jurisdiction over it must negate all jurisdictional bases. *Id.* Whether a court has personal jurisdiction over a defendant is a question of law. *Id.* at 794. However, the trial court must frequently resolve questions of fact before deciding the jurisdiction question. *Id.* When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* at 795. When the appellate record includes the reporter's and clerk's record, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* For legal sufficiency points, if there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. *Id.*

**B.      Applicable Law**

The Texas long-arm statute governs Texas courts' exercise of jurisdiction over nonresident defendants. *Id.* (referencing TEX. CIV. PRAC. & REM. CODE §§ 17.041–.045 (West, Westlaw through 2017 1st C.S.)). This statute permits Texas courts to exercise jurisdiction over nonresident defendants that "do business" in Texas, and the statute lists some non-exclusive activities that constitute "doing business." *Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 17.042)). The supreme court has held that section 17.042's broad language extends Texas courts' personal jurisdiction "as far as the federal constitutional requirements of due process will permit." *Id.* (quoting *U-Anchor Adver., Inc. v. Burt*, 553 S.W.2d 760, 762 (Tex. 1977)).

Personal jurisdiction over nonresident defendants is constitutional when two

4

conditions are met: (1) the defendant has established minimum contacts with the forum state, and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* (citing *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction exists if the nonresident defendant's minimum contacts give rise to either specific or general jurisdiction. Specific jurisdiction exists when the plaintiff's claims "arise out of" or are "related to" the defendant's contact with the forum. *Searcy v. Parex Resources, Inc.*, 496 S.W.3d 58, 67 (Tex. 2016) (quoting *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414 nn 8, 9 (1984)). The United States Supreme Court has emphasized that the *defendant's* relationship, not the *plaintiff's* relationship, with the forum state is the proper focus of specific jurisdiction analysis. *Id.* General jurisdiction relates to suits where a defendant's "continuous. . . operations within the state [are] thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Id.* at 71.

## 1. Special Appearance challenging Personal Jurisdiction

Under rule 120(a), a special appearance, properly entered, enables a non-resident defendant to challenge personal jurisdiction in a Texas court. *See* TEX. R. CIV. P. 120(a); *Grynberg v. M-I L.L.C.*, 398 S.W.3d 864, 876 (Tex. App.—Corpus Christi 2012, pet. denied). Rule 120(a) mandates, however, that a special appearance be filed "prior to a motion to transfer venue or any other plea, pleading, or motion." TEX. R. CIV. P. 120(a); *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004) (per curiam). This is sometimes referred to as the "due-order-of-pleading requirement." *Exito Elecs.Co.*, 142

5

S.W.3d at 305.

In addition to the due-order-of-pleading requirement, rule 120a also entails a "due-order-of-hearing" requirement, which "means that a special appearance motion 'shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.'" *First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) (quoting TEX. R. CIV. P. 120a(2)); *Wilson v. Chemco Chem. Co.*, 711 S.W.2d 265, 266 (Tex. App.—Dallas 1986, no writ) ("A special appearance not ruled upon by the trial court presents nothing for review."); *see Milacron, Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 876 (Tex. App.—Texarkana 2008, no pet.) ("Rule 120a requires that the specially appearing defendant timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction.").

## 2.    General Appearance Waiver

Rule 120a requires strict compliance, and a non-resident defendant will be subject to personal jurisdiction in Texas courts if the defendant enters a general appearance. *Morris v. Morris*, 894 S.W.2d 859, 862 (Tex. App.—Fort Worth 1995, no writ); *Boyd v. Kobierowski*, 283 S.W.3d 19, 21 (Tex. App.—San Antonio 2009, no pet.) ("A general appearance entered before a special appearance waives any special appearance complaint."); *see First Oil P.L.C.*, 264 S.W.3d at 776 (setting out that strict compliance with special-appearance rule of civil procedure 120a is required because failure to do so results in waiver"). "[A] party enters a general appearance when [they] (1) invoke the judgment of the court on any question other than the court's jurisdiction, (2) recognizes

6

by [their] acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co.*, 142 S.W.3d at 304; *see Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (1998).

### C.    Burden of Proof

The plaintiff and the defendant bear "shifting burdens of proof" in a challenge to personal jurisdiction. *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010). The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute. *Moncrief Oil Int'l Inc. v. OAO Gazprom Exp., L,L.C.*, 414 S.W.3d 142, 149 (Tex. 2013); *Kelly*, 301 S.W.3d at 658; *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2007). When the plaintiff's initial burden is met, the burden shifts to the defendant who then has the burden of negating all bases of jurisdiction alleged in the plaintiff's petition. *Kelly*, 301 S.W.3d at 657–58; *Moki Mac*, 221 S.W.3d at 574.

The nonresident defendant can negate jurisdiction on either a factual or a legal basis. *Kelly*, 301 S.W.3d at 659. To negate jurisdiction on a factual basis, the nonresident defendant can disprove the plaintiff's allegations by presenting evidence that it has no contacts with Texas. *Id.* The plaintiff can respond with its own evidence affirming the allegations and risks dismissal if it cannot present the trial court with evidence establishing jurisdiction. *Id.* To negate jurisdiction on a legal basis, the nonresident defendant can show that the evidence is legally insufficient to establish jurisdiction even if the plaintiff's allegations are true. *Id.* For example, the defendant can show that its contacts with Texas fall short of purposeful availment, that the plaintiff's

7

claims do not arise from or relate to the contacts, or that exercising jurisdiction would offend traditional notions of fair play and substantial justice. *Id.*

### D. Discussion

Here, Salazar's pleadings just alleged an automobile accident occurred without stating where the accident happened. The Hucks's special appearance challenged the basis of the jurisdictional claim by stating the accident had occurred in Oklahoma, where they reside. The Hucks also swore, through an affidavit attached to their special appearance, that they resided in Oklahoma, never resided anywhere in Texas at any time, did not work in Texas, and that their vehicle was registered in Oklahoma.

The Hucks filed and requested a hearing on their special appearance motion before any other motions were taken up. At the hearing, the Hucks reiterated the facts set out in their motion and affidavit. Salazar did not present any contradicting evidence to the Hucks's sworn affidavits, but argued their special appearance motion should be denied because it stated "there are no venue allegations in the petition which establish venue *against them* [the Hucks] in Hidalgo County." (emphasis added). Salazar claimed those words were a challenge to venue and therefore, constituted a general appearance by the Hucks, which waived their special appearance.

However, based on the evidence presented to the trial court, the Hucks negated Salazar's jurisdiction claim. *Id.* The Hucks factually proved they had no contacts with Texas and based on the evidence presented, legally there is insufficient evidence to establish jurisdiction. *Id.* The trial court erred in denying the Hucks's special appearance motion and we sustain the Hucks's two issues.

8

### III.    Conclusion

We reverse the denial of the special appearance and remand for proceedings consistent with this opinion.

GINA M. BENAVIDES,
Justice

Delivered and filed the
9th day of August, 2018.