

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00075-CV

**WITTY YETI, LLC**, and John Doe,
Appellants

v.

Janelle **PLUMMER**,
Appellee

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI17456
Honorable Mary Lou Alvarez, Judge Presiding

Opinion by:    Rebeca C. Martinez, Chief Justice

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Liza A. Rodriguez, Justice

Delivered and Filed: August 3, 2022

REVERSED AND RENDERED; MOTION TO DISMISS DENIED

Appellant Witty Yeti, LLC ("Witty") appeals the trial court's order overruling Witty's special appearance, arguing the trial court did not have personal jurisdiction over it. We reverse the trial court's order overruling Witty's special appearance and render judgment dismissing appellee Janelle Plummer's lawsuit against Witty for lack of personal jurisdiction.[1]

---

[1] Plummer also filed a motion to dismiss this appeal for lack of jurisdiction, which we deny.

**BACKGROUND**

On August 25, 2021, Janelle Plummer filed suit against Witty and an unidentified individual, John Doe, in Bexar County, Texas for intentional infliction of emotional distress and negligence. In her original petition, Plummer alleges that on or about July 19, 2021, she received a package at her place of employment in San Antonio, Texas purchased by an unidentified individual, John Doe. Plummer stated she opened the package in front of her coworkers and that the contents of the package were "highly inappropriate and humiliating, especially in an office setting." According to Plummer, the package was purchased from Witty's company, which sells "prank items," and Witty has refused to provide the name of the customer who purchased the prank item and ordered it be sent to Plummer. Plummer alleges that Witty's conduct caused her emotional distress and that Witty's improper withholding of the purchaser's identity was negligent.

On October 5, 2021, Witty filed a special appearance to contest the trial court's exercise of personal jurisdiction, contending that Witty is not a resident of Texas and does not have minimum contacts with the state. On October 7, 2021, Plummer filed a motion to strike Witty's special appearance, contending that Witty failed to secure a hearing date on its special appearance and therefore made a general appearance in the case and that Witty filed the special appearance as a tactical means of postponing an answer in the lawsuit. Witty filed a "Not-Ready and Response" to Plummer's motion to strike, contending that the trial court must hear and determine its special appearance before any other pleading or motion and that Plummer's counsel failed to confer with Witty on a hearing date for the special appearance.

On October 11, 2021, Witty removed the case to the United States District Court for the Western District of Texas, San Antonio division, alleging diversity of citizenship. The next day, Witty filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). On December 6, 2021, the federal court remanded the case to the trial court because the amount in

controversy did not exceed $75,0000, and denied Witty's motion to dismiss as moot because it lacked jurisdiction over the case.

On January 14, 2022, Plummer filed a second motion to strike Witty's special appearance again contending that Witty failed to secure a hearing on its special appearance and that Witty waived its right to a special appearance because it sought affirmative relief in federal court. On January 18, 2022, the trial court signed Witty's order setting its special appearance for hearing on January 26, 2022. After hearing, the trial court signed an order granting Plummer's motion to strike Witty's special appearance and overruling Witty's special appearance. Witty filed a request for findings of fact and conclusions of law and subsequently filed this interlocutory appeal.

## MOTION TO DISMISS

Characterizing the order as an order denying the special appearance, Witty asserts this appeal is authorized by section 51.014(a)(7) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7). Disagreeing with Witty's characterization, Plummer has filed a motion to dismiss the appeal for lack of jurisdiction.

Historically, it has been understood that an appeal may be taken only from a final judgment, with a few mostly statutory exceptions. *See Indus. Specialists, LLC v. Blanchard Ref. Co.*, No. 20-0174, 2022 WL 2082236, at *2 (Tex. June 10, 2022). However, the practice of limiting appeals to final judgments can no longer be said to be the general rule. *Id.* The legislature has created exceptions, authorizing immediate appeals of certain interlocutory orders. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). Section 51.014(a)(7) allows an appeal from an interlocutory order that "grants or denies the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure, except in a suit brought under the Family Code." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7). Rule 120a allows a nonresident defendant to challenge the power of the trial court to exercise jurisdiction over his person or property. TEX. R. CIV. P. 120a(1);

*see Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985); *Critter Control, Inc. v. Galt Strategies, LLC*, No. 05-15-01011-CV, 2015 WL 5783648, at *1 (Tex. App.—Dallas Oct. 5, 2015, no pet.) (mem. op.).

In Witty's notice of appeal, it stated it was appealing the February 1, 2022 "Order overruling Defendant Witty Yeti, LLC's Special Appearance" pursuant to Section 51.014(a)(7). The appealed order provides that:

> *Plaintiff's Motion to Strike Defendant Witty Yeti, LLC's Special Appearance* is **GRANTED.**
>
> IT IS HEREBY, ORDERED, ADJUDGED, and DECREED that Defendant Witty Yeti, LLC's special appearance is waived, so Defendant Witty Yeti, LLC's special appearance is **OVERRULED.**

Plummer disregards the Order's language and points to the trial court's statements at the hearing on the special appearance, where she contends the trial court stated that Plummer's motion to strike the special appearance was granted but that it was going to allow the parties to conduct discovery on the special appearance issue. The appealed order falls within Section 51.014(a)(7) because it explicitly states that "the special appearance is waived," and "overruled." We interpret this as an interlocutory order "deny[ing] the special appearance of a defendant under Rule 120a, Texas Rules of Civil Procedure." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(7); *see AIKG, LLC v. CSP Consultants Grp., LLC*, No. 04-21-00213-CV, 2022 WL 947197, at *1 (Tex. App.—San Antonio Mar. 30, 2022, no pet.) (mem. op.) (reversing trial court's interlocutory order that "overruled" appellant's special appearance). Therefore, we deny Plummer's motion to dismiss the appeal for lack of jurisdiction.[2]

---

[2] The only case Plummer relies on in her motion to dismiss is *Moody v. Howard-McAnear Equip. Co.*, No. 05-03-01438-CV, 2003 WL 22839278, at *1 (Tex. App.—Dallas Dec. 1, 2003, no pet.) (mem. op., per curiam). This case is inapposite because there, the appealed order was labeled as an "Order Denying Defendant's Special Appearance Motion to Dismiss," but the order only resolved issues regarding service of citation, proper parties to the suit, and misidentification of parties—which were not matters that could be properly raised by a Rule 120a special appearance. *See id.*; *see also* TEX. R. CIV. P. 120a.

**WAIVER**

Before we address the substance of Witty's special appearance, we must first consider Plummer's argument that Witty waived its special appearance by invoking the federal court's judgment on a question other than jurisdiction and by seeking affirmative relief.

"A court must have both subject matter jurisdiction over a case and personal jurisdiction over the parties to issue a binding judgment. *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021). A party may challenge a trial court's jurisdiction over it by filing a special appearance—a sworn motion asserting that the court lacks jurisdiction—which may be filed without the movant submitting to the court's jurisdiction. *See* TEX. R. CIV. P. 120a(1); *Nationwide Distribution Servs., Inc. v. Jones*, 496 S.W.3d 221, 224 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Rule 120a(1) requires that a special appearance be filed "prior to [a] motion to transfer venue or any other plea, pleading or motion." TEX. R. CIV. P. 120a(1). "[T]he plain language of Rule 120a requires only that a special appearance be filed before any other 'plea, pleading or motion.'" *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2004) (per curiam). "[I]f a special appearance is filed in the same instrument as other pleas or motions, 'the special appearance must be the first plea made.'" *Walmart, Inc. v. Fintiv, Inc.*, No. 06-20-00071-CV, 2021 WL 3572728, at *5 (Tex. App.—Texarkana Aug. 13, 2021, no pet.) (citation omitted). "This is sometimes referred to as the 'due-order-of-pleading' requirement." *Trejo*, 142 S.W.3d at 305.

"Every appearance, prior to judgment, not in compliance with [Rule 120a] is a general appearance." TEX. R. CIV. P. 120a(1); *see also Kawasaki Steel*, 699 S.W.2d at 201. A party enters a general appearance, and therefore waives his special appearance, if he (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court. *Trejo*, 142 S.W.3d at

304 (citing *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998)). The test for a general appearance is whether a party requests affirmative relief inconsistent with an assertion that the trial court lacks jurisdiction. *Dawson–Austin*, 968 S.W.2d at 323.

Rule 120a also requires that a special appearance "be heard and determined before a motion to transfer venue or any other plea or pleading may be heard." TEX. R. CIV. P. 120a(2); *see also Klingenschmitt v. Weinstein*, 342 S.W.3d 131, 133–34 (Tex. App.—Dallas 2011, no pet.). A defendant filing a special appearance must timely request a hearing, specifically bring that request to the trial court's attention, and secure a ruling on the preliminary question of personal jurisdiction. *See* TEX. R. CIV. P. 120a(2); *Milacron Inc. v. Performance Rail Tie, L.P.*, 262 S.W.3d 872, 875–76 (Tex. App.—Texarkana 2008, no pet.). A defendant waives a special appearance by not timely pressing for a hearing. *Milacron*, 262 S.W.3d at 876. "[A] defendant does not waive a special appearance simply by including other motions in the same pleading as the special appearance." *Uche v. Igwe*, No. 05-11-00570-CV, 2012 WL 2785355, at *4 (Tex. App.—Dallas July 10, 2012, no pet.); *see also Dawson-Austin*, 968 S.W.2d at 322–23 (defendant did not waive special appearance by including motion to quash service, plea to the jurisdiction, and plea in abatement in same pleading as special appearance without stating they were subject to special appearance). In federal court, a defendant preserves her objection to jurisdiction in much the same way. *See Velco Chems., Inc. v. Polimeri Europa Americas, Inc.*, No. 14-03-00395-CV, 2004 WL 1965643, at *2 (Tex. App.—Houston [14th Dist.] Sept. 7, 2004, no pet.). There, a defendant must either move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) before pleading, or object to personal jurisdiction in its responsive pleading. *See* FED. R. CIV. P. 12(b), 12(h)(1); *Velco Chems.*, 2004 WL 1965643, at *2.

## A. Analysis

Plummer argues that Witty waived its special appearance because it filed a motion to dismiss in federal court after filing its special appearance in state court. We hold that Witty did not waive its special appearance.

First, Witty complied with Rule 120a by filing its special appearance prior to any of its other pleadings. *See* Tex. R. Civ. P. 120a(1) (special appearance must be "filed prior to motion to transfer venue or any other plea, pleading or motion"); *see also First Oil PLC v. ATP Oil & Gas Corp.*, 264 S.W.3d 767, 776 (Tex. App.—Houston [1st Dist.] 2008, pet. denied). Other than its special appearance, Witty did not file any pleas, pleadings, or motions in state court. On, October 11, 2021, six days after filing its special appearance, Witty removed the case to federal court and filed a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(2), (b)(6). In its motion to dismiss, Witty first challenged the personal jurisdiction, making the same argument it did in its special appearance in state court—that the court did not have personal jurisdiction over it because it was an out-of-state shipper that did not have minimum contacts with Texas. Witty alternatively argued that if the federal court did have jurisdiction over it, then Plummer failed to plead sufficient facts to state a claim for intentional infliction of emotional distress and negligence.

Plummer contends that Witty's alternative motion to dismiss for failure to state a claim under Federal Rule 12(b)(6) in federal court constituted a general appearance, sought affirmative relief, and waived its special appearance in state court. Once Witty filed its special appearance, it was permitted to file other related pleas, pleadings, and motions without waiving the special appearance under Rule 120a, so long as the relief sought was not inconsistent with the assertion that the court lacked jurisdiction. *See* Tex. R. Civ. P. 120a(1); *see Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("[F]iling a notice of removal is not a

general appearance, but merely takes the case out of the hands of the state court.") (citation omitted). Witty's actions in federal court were not inconsistent with the relief sought in its special appearance because its motion to dismiss under Federal Rule 12(b)(2) preserved its objection to personal jurisdiction and its motion to dismiss under Federal Rule 12(b)(6) was only an alternative argument. *See* FED. R. CIV. P. 12(b), 12(h)(1); *Velco Chemicals, Inc.*, 2004 WL 1965643, at *2.

Therefore, we hold that Witty's notice of removal and motion to dismiss in federal court did not waive its special appearance in state court.[3]

### MERITS OF THE SPECIAL APPEARANCE

Witty contends the trial court does not have general or specific jurisdiction over it. Plummer responds that the trial court has specific jurisdiction over Witty because Witty had sufficient minimum contacts with Texas to subject it to the jurisdiction of a Texas court.

### A. Standard of Review

Whether a court has personal jurisdiction over a defendant is a question of law we review *de novo*. *Kelly v. Gen. Interior Const., Inc.*, 301 S.W.3d 653, 657 (Tex. 2010). Resolving this question of law, however, may require a court to decide questions of fact. *Luciano*, 625 S.W.3d at 8. We review the findings of fact for legal and factual sufficiency, but we review the conclusions of law drawn from those facts *de novo*. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d

---

[3] Plummer also argues that Witty waived its special appearance because it did not timely request a hearing. We find this argument unpersuasive. Witty filed its special appearance on October 5, 2021; Plummer filed a motion to strike Witty's special appearance on October 7 and on the same day, Witty filed a response stating that it had been attempting to confer with Plummer's counsel to set its special appearance for a hearing. Witty then removed the case to federal court on October 11 and on December 6, the federal court remanded the case back to state court. On January 18, 2022, the trial court signed Witty's order setting its special appearance for a hearing on January 26. The record does not show that any other developments occurred in the case during this period of time other than Plummer filing a motion to strike Witty's special appearance. Plummer fails to point to any authority showing that this sequence of filings and timing constitutes a waiver of Witty's special appearance. The only case she cites, *Milacron*, 262 S.W.3d at 876, is a case in which the appellant waived its special appearance because it waited until after opening statements at trial to file its special appearance and failed to request a hearing and secure a ruling on the special appearance before proceeding to trial on the merits. *See id.* Here, the special appearance was the first pleading filed in state court and Witty requested a hearing and secured a ruling shortly after the case was remanded back to state court. *See id.* We hold that Witty did not waive its special appearance by failing to timely request a hearing.

789, 794 (Tex. 2002); *Carone v. Retamco Operating, Inc.*, 138 S.W.3d 1, 7 (Tex. App.—San Antonio 2004, pet. denied).

"When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied." *Marchand*, 83 S.W.3d at 795. "When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court." *Id.*

### B. Applicable Law

"Personal jurisdiction involves a court's ability to bind a particular party to that judgment." *Luciano*, 625 S.W.3d at 8. A special appearance allows a nonresident to appear in a Texas court for the limited purpose of challenging the court's exercise of personal jurisdiction. *See* TEX. R. CIV. P. 120a(1). The plaintiff bears the initial burden to plead sufficient allegations to bring the nonresident defendant within the reach of Texas's long-arm statute. *See Kelly*, 301 S.W.3d at 658. "The plaintiff's response to the special appearance may contain evidence supporting the petition's jurisdictional allegations, but that evidence must be consistent with the allegations in the petition." *Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 129 (Tex. App.—Dallas 2021, no pet.). If the plaintiff fails to plead facts to bring the defendant within the reach of the court's jurisdiction, the defendant need only prove that it does not live in Texas to negate personal jurisdiction. *See Kelly*, 301 S.W.3d at 658–59. Once the plaintiff has met its burden to plead sufficient jurisdictional allegations, the burden shifts to the defendant to negate all potential bases for personal jurisdiction that exist in the plaintiff's pleadings. *Id.* at 658.

Texas courts may exercise personal jurisdiction over a nonresident if the Texas long-arm statute authorizes the exercise of jurisdiction, and the exercise of jurisdiction is consistent with federal and state due process guarantees. *Moncrief Oil Intern. Inc. v. OAO Gazprom*, 414 S.W.3d

142, 149 (Tex. 2013).   Under Texas's long-arm statute, Texas courts may exercise personal jurisdiction over a nonresident defendant that "does business" in Texas.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042; *PHC-Minden, L.P, v. Kimberly-Clark Corp.*, 235 S.W.3d 163, 166 (Tex. 2007).  A nonresident "does business" in Texas if it "(1) contracts by mail or otherwise with a Texas resident and either party is to perform the contract in whole or in part in this state; (2) commits a tort in whole or in part in this state; or (3) recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state."  TEX. CIV. PRAC. & REM. CODE ANN. § 17.042.  The list, however, is not exclusive, and "Texas's long-arm statute extends Texas courts' personal jurisdiction as far as the federal constitutional requirements of due process will permit."  *M&F Worldwide Corp. v. Pepsi-Cola Metro. Bottling Co.*, 512 S.W.3d 878, 885 (Tex. 2017) (citations omitted); *see PHC-Minden*, 235 S.W.3d at 166.

A state's exercise of jurisdiction comports with federal due process guarantees if the nonresident defendant has "minimum contacts" with the state and the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice.  *M&F Worldwide*, 512 S.W.3d at 885; *PHC-Minden*, 235 S.W.3d at 166.  When a nonresident defendant purposefully avails itself of the privileges and benefits of conducting business in Texas, its contacts are sufficient to confer Texas courts with personal jurisdiction over the nonresident defendant.  *Moncrief Oil*, 414 S.W.3d at 150.  Only the defendant's purposeful contacts are relevant to the inquiry; unilateral activity of another party or third person, as well as random, isolated, or fortuitous contacts by the defendant, are insufficient to prove the defendant purposefully availed itself of the forum.  *Cornerstone Healthcare Grp. Holding, Inc. v. Nautic Mgmt. VI, L.P.*, 493 S.W.3d 65, 70 (Tex. 2016).  Once minimum contacts have been established, the exercise of jurisdiction will typically comport with traditional notions of fair play and substantial justice.  *Spir Star AG v. Kimich*, 310 S.W.3d 868, 878 (Tex. 2010).

*C. Analysis*

We begin our analysis with the pleadings. Plummer bore the initial burden of pleading sufficient allegations to bring Witty within the reach of Texas's long-arm statute. *See Kelly*, 301 S.W.3d at 658; TEX. CIV. PRAC. & REM. CODE ANN. § 17.042.

In her petition, Plummer did not generally allege that Witty did business in Texas by contracting with a Texas resident, committing a tort in Texas, or recruiting a Texas resident for employment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042. Accordingly, we consider whether Plummer alleged facts showing Witty otherwise "does business" in Texas. *See id.*

Plummer alleges that Witty is a North Carolina limited liability company and its registered agent is in North Carolina. Plummer alleges that:

> [Witty's] conduct caused Plaintiff emotional distress, which was only ex[a]cerbated after Defendant Witty chose to refuse to disclose Defendant[ ]Doe's name to Plaintiff. Since Defendants' delivery of the offensive items, Plaintiff has been unable to fully function in her every-day life as she did prior to the delivery. Plaintiff is in fear for her own safety as well as the safety of her family . . .

> Specifically, [Witty] acted intentionally or recklessly when the item was ordered and delivered to Plaintiff with the intended purpose of harassing Plaintiff. [Witty's] conduct was extreme and outrageous by sending such offensive items to Plaintiff's place of work. [Witty's] conduct has caused Plaintiff emotional distress and Plaintiff's emotional distress is severe. As a result of [Witty's] actions, Plaintiff has suffered damages and [Witty] should be held accountable for [its] intentional actions.

She further alleges:

> through Defendant Witty's improper withholding of Defendant Doe's identity, Defendant Witty was negligent and Defendant Witty's actions and inactions violated the standard of care which fell below the applicable standard of care owed to Plaintiff. Specifically, Defendant Witty owed a duty to Plaintiff to disclose Defendant Doe's identity once Defendant Witty was aware of the damage and harm caused by the package. However, when Defendant Witty refused to disclose this information, Defendant Witty was negligent which was the proximate cause of damages sustained by Plaintiff.

The only connection to Texas alleged is that the packaged purchased from Witty was delivered in Texas. *See Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 796 (Tex. 2005) ("A defendant's mere knowledge that its product will end up in the forum does not, without more, give rise to jurisdiction."); *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574 (Tex. 2010) ("[T]he mere sale of a product to a Texas resident will not generally suffice to confer specific jurisdiction upon our courts. Instead, the facts alleged must indicate that the seller intended to serve the Texas market."). Plummer states she is unaware of who purchased the package from Witty. *Cf. Holten*, 168 S.W.3d at 796 (shipping products in response to actions by third parties is not sufficient to confer jurisdiction); *CSR Ltd. v. Link*, 925 S.W.2d 591, 595–96 (Tex. 1996) (shipping hundreds of tons of raw asbestos to Houston was insufficient to establish jurisdiction absent evidence that a nonresident participated in the decision to send it there).

On appeal and in her motion to strike the special appearance, Plummer contends that Witty maintains a commercial website by marketing and selling goods and has therefore reached beyond its home state to avail itself of the benefits of a Texas forum. However, the record does not make clear how interactive the website is, and even if we took Witty's allegations as true, the website alone is insufficient to subject Witty to jurisdiction of a Texas court. *See W. Gessmann, GmbH v. Stephens*, 51 S.W.3d 329, 338–39 (Tex. App.—Tyler 2001, no pet.) (website too passive to provide basis for personal jurisdiction); *see also Daimler–Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 725 (Tex. App.—Austin 2000, pet. dism'd w.o.j.) (interactive website alone insufficient to subject appellant to jurisdiction of Texas court). Thus, Plummer failed to plead facts to bring Witty within the reach of the court's jurisdiction, and Witty only needed to prove that it does not live in Texas to negate personal jurisdiction. *See Kelly*, 301 S.W.3d at 658–59. Witty alleged in its special appearance that it was not a Texas resident and, instead, was located in Charlotte, North Carolina; organized under the laws of North Carolina; did not have any members domiciled in

Texas; and did not have any place of business in Texas. Plummer presented no evidence to the contrary. As such, Witty met its burden to negate all bases of jurisdiction. *See id.* at 661. We therefore hold the trial court lacked personal jurisdiction over Witty and the trial court erred when it overruled Witty's special appearance.

## CONCLUSION

Based on the foregoing, we reverse the trial court's order denying Witty's special appearance. We render judgment dismissing Plummer's lawsuit against Witty for lack of personal jurisdiction, and we deny Plummer's motion to dismiss for lack of jurisdiction.

Rebeca C. Martinez, Chief Justice