

# Missouri Court of Appeals
## Southern District

### In Division

IN THE MATTER OF THE CARE AND )
TREATMENT OF THEODORE STILES, )      No. SD37180
a/k/a THEODORE R. STILES, )
a/k/a THEODORE RAYMOND STILES, )      **Filed:  March 1, 2023**
)
        Respondent-Appellant. )

APPEAL FROM THE CIRCUIT COURT OF JASPER COUNTY

The Honorable Gayle L. Crane, Judge

**<u>AFFIRMED</u>**

Theodore Stiles ("Appellant") appeals from a judgment entered after a jury found him to be a sexually violent predator ("SVP") pursuant to sections 632.480 *et seq.*[1]  He raises six points on appeal:  (1) The trial court erred and abused its discretion when it allowed the State to elicit evidence portraying Appellant's conviction for burglary with intent to steal as a sexually motivated attempted kidnapping because it was collaterally estopped from doing so; (2) the trial court abused its discretion when it allowed the State to treat Appellant's conviction for burglary with intent to steal as kidnapping with a sexual purpose because burglary is not a sex offense and the State was a party to the prior litigation where the factual finding was intent to steal; (3) trial counsel provided ineffective assistance of counsel when he failed to assert collateral estoppel as

---

[1] All statutory references are to RSMo Supp. (2017), unless otherwise indicated.

a bar to the State arguing that the burglary conviction was committed with the intent to kidnap because the State was collaterally estopped from changing facts found by a competent court of law in the burglary case; (4) the trial court abused its discretion when it allowed evidence of an uncharged burglary in Kansas for which Appellant was never arrested, charged, or admitted he committed because the burglary was not relevant to any issue at trial; (5) the trial court erred and abused its discretion in denying a continuance because Appellant's sole qualifying conviction under the Sexually Violent Predator Act ("SVPA") was subject to an active motion for post-conviction relief in Oklahoma and was "reasonably likely to [be] vacated due to a recent U[.]S[.] [S]upreme Court case on [c]riminal [j]urisdiction on [t]ribal [l]ands"; and (6) the trial court erred and abused its discretion in not issuing a directed verdict in this case because Appellant's sole qualifying underlying conviction under the SVPA was subject to an active motion for post-conviction relief in Oklahoma and was "void on its face due to a recent U[.]S[.] [S]upreme Court case on [c]riminal [j]urisdiction on [t]ribal [l]ands." Finding his arguments meritless, we affirm.

**Factual and Procedural Background**

In 1997, Appellant was charged with sexually molesting his two daughters, who were ages five and seven at the time. He was convicted by an Oklahoma jury of two counts of sexual abuse of a child and sentenced to consecutive terms of 20 years' imprisonment. He was released from custody in 2010.

In 2011, Appellant was investigated in relation to a burglary in Baxter Springs, Kansas. A house on the same block on which Appellant resided was broken into at night, and the intruder allegedly picked up a child in the house. A large bucket from Appellant's residence was used in the burglary. Appellant told the investigating officer that he "used to voyeurize people by looking into their windows" and that he masturbated while he did so. He said he had committed

2

multiple burglaries and always cased out the houses beforehand. Appellant advised the officer that, in the investigation of the burglary, the officer should "be looking for someone like him." Appellant also admitted to the officer that he was glad he went to prison, because if he had not, "there's a good chance he could have become a serial rapist."

In 2016, Appellant broke into a home in Joplin, Missouri, at night. He was discovered by the residents standing in the living room near a sleeping child. Appellant fled the premises but left behind his phone and a rag that was later discovered to contain chloroform. He was arrested, charged, and ultimately entered an *Alford* plea[2] to burglary with intent to steal.

Appellant was imprisoned following his burglary conviction, and upon his pending release, the State petitioned to have him committed as an SVP. The trial court found probable cause to try Appellant as an SVP. Prior to the trial, Appellant filed a motion in limine requesting that the court exclude any evidence or mention that he was a suspect in the Baxter Springs burglary. The court overruled the motion, but did instruct the parties that witnesses would not be permitted to testify as to the specific details of the burglary.

The State's primary witness at trial was Dr. Eric Jensen, a psychologist hired by the State to evaluate Appellant. Dr. Jensen testified he believed the Jasper County burglary was sexually motivated. He stated "what was going on, basically, was an attempted abduction." Dr. Jensen also testified that the Baxter Springs burglary involved a similar set of circumstances as the later incident in Jasper County. Upon Appellant's objection, the court instructed the jury to disregard Dr. Jensen's comment that "[h]e was observed by a resident – an adult resident of a home bending over and picking up a young girl[.]" He made no further remarks concerning the details

---

[2] ***North Carolina v. Alford***, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

of the Baxter Springs burglary, but he did discuss Appellant's statements to the officer investigating the crime.

Dr. Jensen diagnosed Appellant to a reasonable degree of psychological certainty with pedophilic disorder. He testified that this is a lifelong condition that causes Appellant to be sexually attracted to pre-pubescent males and females. According to Dr. Jensen, Appellant's pedophilia is a "mental abnormality" as defined by statute. Dr. Jensen also concluded that Appellant is more likely than not to commit future acts of predatory sexual violence. He came to this conclusion by using STATIC-99R, a "widely accepted" psychological evaluation tool, and by assessing a number of "dynamic" risk factors, including impulsivity, aggressiveness, relationship history, and the presence of deviant sexual interests. Based on these evaluations, Dr. Jensen believed with a reasonable degree of psychological certainty that Appellant meets the criteria to be an SVP under Missouri law.

The jury returned a verdict that Appellant is an SVP. The court subsequently entered an order committing Appellant to the custody of the Department of Mental Health for control, care, and treatment. On June 30, 2021, the trial court denied Appellant's motion for new trial and found there was no probable cause to believe his attorneys were ineffective. This appeal follows.

**Discussion**

*Points I and II*

In Point I, Appellant asserts that the trial court erred by permitting the State to elicit evidence portraying Appellant's Jasper County burglary conviction as a "sexually motivated attempted kidnapping." He argues that, because he was convicted of burglary with intent to steal, the State was precluded by collateral estoppel from introducing evidence suggesting that the burglary was with intent to kidnap. This Court must first determine whether Appellant's

4

claims have been preserved for appeal to determine the appropriate standard of review to apply. *State v. Minor*, 648 S.W.3d 721, 729 (Mo. banc 2022).

Appellant's claims of error in Points I and II are not preserved for appeal. Appellant seemingly concedes this fact in his brief, but argues that "[t]he general issue of the improper framing of the Jasper County 2016 Burglary case was raised before and at trial, and was included within the motion for new trial. . . . However, counsel did not specifically raise the issue of collateral estoppel or res judicata in his motion for new trial. He did mention the prior finding of intent in the criminal case, but he did not specifically invoke issue preclusion." Appellant's attempts to garner appellate review for unpreserved claims of error fail.

"'For an allegation of error to be considered preserved and to receive more than plain error review, it must be objected to during the trial *and* presented to the trial court in a motion for new trial.'" *State v. Loper*, 609 S.W.3d 725, 732 (Mo. banc 2020) (quoting *State v. Walter*, 479 S.W.3d 118, 123 (Mo. banc 2016) (emphasis in original)). Rule 78.09[3] requires a party, "at the time the ruling or order of the court is made or sought, [to make] known to the court the action that the party desires the court to take or objections to the action of the court and grounds therefor . . . [.]" At trial, the "objection 'must be specific and made contemporaneously with the purported error.'" *State v. Johnson*, 524 S.W.3d 505, 513 (Mo. banc 2017) (quoting *State v. Driskill*, 459 S.W.3d 412, 426 (Mo. banc 2015)). A party is not "'entitled on appeal to claim error on the part of the trial court when the party did not call attention to the error at trial and did not give the court the opportunity to rule on the question.'" *Brown v. Brown*, 423 S.W.3d 784, 787 (Mo. banc 2014) (quoting *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 535-36 (Mo. App. E.D. 1981)). Such an opportunity requires a party to make a timely objection or request, which

---

[3] All rule references are to Missouri Court Rules (2022), unless otherwise indicated.

is one "'made when the occasion for the ruling desired first appears.'" *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 267 (Mo. banc 2014) (quoting *Brown v. Thomas*, 316 S.W.3d 234, 237 (Mo. App. Spfld.D. 1958)). "A properly preserved objection will identify the law with respect to the particular legal claim, provide citation to authority, and apply that law to the facts of the case." *In Interest of B.L.L.S.*, 557 S.W.3d 486, 492-93 (Mo. App. S.D. 2018).

Although Appellant's counsel did object during the trial when the motivation for the Jasper County burglary was discussed, these objections did not include any mention of collateral estoppel. When Dr. Jensen testified that, in his opinion, the burglary was an "attempted abduction" that was "sexual in nature," Appellant's only objection was that the testimony was speculative. In his motion for a new trial, Appellant asserted that the trial court erred by overruling this objection, but again only argued that Dr. Jensen's testimony was "speculative and unfounded." There was no discussion of collateral estoppel in the motion for a new trial. A party may not present an evidentiary objection on appeal that is different from the one presented to the trial court. *Potter v. Hy-Vee Inc.*, 560 S.W.3d 598, 607 (Mo. App. S.D. 2018). Therefore, the issue was not preserved for appellate review.

Appellant alternatively requests plain error review should this Court find Appellant's claims were not properly reserved. Rule 84.13(c) gives this Court the discretion to review unpreserved plain errors affecting substantial rights when the Court finds that manifest injustice or miscarriage of justice has resulted therefrom. Plain error review is rarely applied in civil cases, and we will reverse only where the error is "'so egregious as to weaken the very foundation of the process and seriously undermine confidence in the outcome of the case.'" *Ducoulombier v. Ford Motor Company*, 621 S.W.3d 523, 528 (Mo. App. W.D. 2021) (quoting *McCrainey v. Kansas City Mo. School Dist.*, 337 S.W.3d 746, 755 (Mo. App. W.D. 2011)).

Appellate courts "'will review an unpreserved point for plain error only if there are substantial grounds for believing that the trial court committed error that is evident, obvious[,] and clear and where the error resulted in manifest injustice or miscarriage of justice.'" *Williams v. Mercy Clinic Springfield Communities*, 568 S.W.3d 396, 412 (Mo. banc 2019) (quoting *Mayes v. St. Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 269 (Mo. banc 2014)).

In the present case, Appellant has made no showing of manifest injustice or miscarriage of justice resulting from the State's portrayal of the Jasper County burglary. Likewise, there is no clear demonstration in the record that such manifest injustice or miscarriage of justice occurred. The discussion of the motivation behind the Jasper County burglary was mostly limited to Dr. Jensen's testimony, and Appellant had the opportunity to cross-examine Dr. Jensen about his conclusion that the burglary was sexually motivated. Appellant also presented his own witness, Dr. Witcher, who testified that she believed the burglary was not sexually motivated. The State also presented extensive evidence beyond the Jasper County burglary that would have supported the jury's finding that Appellant is an SVP. Taken as a whole, the record does not suggest that the State's framing of this burglary, "weaken[ed] the very foundation of the process" such that the jury could not have delivered a fair verdict. *Ducoulombier*, 621 S.W.3d at 528. Additionally, Appellant's counsel told the jury in his opening statement that "an important decision you'll have to make is whether or not this burglary in Jasper County was sexually motivated." Appellant cannot state that the burglary's motivation is a question for the jury and

later claim that manifest injustice resulted when the State presented testimony relevant to that question.  We therefore decline plain error review of Point I.[4]

Appellant additionally argues in Point II that the evidence portraying the Jasper County burglary as being sexually motivated should have been excluded on the grounds that it was inflammatory, misleading, and served no legitimate evidentiary purpose.  Like Point I, while this issue was generally discussed before the trial court, these specific objections were not raised.  As stated above, Appellant's motion for new trial only referred to Dr. Jensen's testimony and alleged that his statements were "speculative and unfounded."  Therefore, the claimed error was not preserved, and for the same reasons previously explained, we decline plain error review of Point II.

Points I and II are therefore denied.

*Point III*

Appellant claims that his trial counsel provided ineffective assistance when he failed to assert collateral estoppel in response to the State's portrayal of the Jasper County burglary as with intent to kidnap.  There is a due process right to effective assistance of counsel in SVP proceedings.  ***Grado v. State***, 559 S.W.3d 888, 895-96 (Mo. banc 2018).  Though reserving for "some future point" the development of "rules as to how all [claims of ineffective assistance of counsel in SVP proceedings] should be brought," the Supreme Court of Missouri permits claims of ineffective assistance of counsel in SVP proceedings to be brought on direct appeal when the claim is based on what happened at trial and can be determined through review of the appellate

---

[4] Appellant also mentioned the issues of res judicata and double jeopardy in Point I, without providing argument for either.  Like collateral estoppel, these issues were not preserved, and we decline plain error review for the same reasons.

record. *Id.* at 897-98. The Supreme Court of Missouri has not yet set forth a standard of review for ineffective assistance of counsel in SVP proceedings, although it has considered both the "meaningful hearing" standard utilized in termination of parental rights proceedings and the *Strickland* standard used in criminal proceedings.[5] *Id.* at 898 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under the "meaningful hearing" standard, we would determine whether counsel provided Appellant with a meaningful SVP hearing. *Id.* Under the *Strickland* standard, Appellant would be required to show that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. "'Mere failure to object is not ineffective assistance of counsel, and trial counsel is not ineffective for failing to make non-meritorious objections.'" *Zink v. State*, 278 S.W.3d 170, 188 (Mo. banc 2009) (quoting *State v. Lewis*, 874 S.W.2d 420, 427 (Mo. App. W.D. 1994)).

Appellant did not receive ineffective assistance of counsel at trial under either standard of review because an objection on the grounds of collateral estoppel would have been non-meritorious.

> Collateral estoppel applies only when: (1) the issue in the present case is identical to an issue decided in the prior adjudication; (2) the court in the prior adjudication rendered a judgment on the merits; (3) the party against whom collateral estoppel is asserted is the same party or in privity with a party in the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

---

[5] In the handful of cases in which the Supreme Court of Missouri has considered claims of ineffective assistance of counsel during SVP proceedings, it has declined to adopt either the "meaningful hearing" standard or the *Strickland* standard because it found counsel was not ineffective under either standard. *See Grado*, 559 S.W.3d at 898; *Matter of Care and Treatment of Braddy*, 559 S.W.3d 905, 907, 910 (Mo. banc 2018); *Matter of D.N.*, 598 S.W.3d 108, 121-23 (Mo. banc 2020). Because we reach a similar conclusion here, the lack of a definite standard of review is not a concern.

*Premium Investments, LLC v. Lowther Johnson, Attorneys at Law, LLC*, 575 S.W.3d 744, 753 (Mo. App. S.D. 2019). As to the second factor, courts have found that a guilty plea serves as a judgment on the merits for the crime to which a defendant pled guilty. *See, e.g.*, *James v. Paul*, 49 S.W.3d 678, 683 (Mo. banc 2001) ("The trial court also inquired of the defendant, his attorney and the prosecutor regarding the facts in order to [make] a determination that a factual basis existed for the plea of guilt. . . . These determinations were made on the merits of the facts presented and resolved the second factor in favor of collateral estoppel.").[6] The fact that a defendant pled guilty to a different crime than the crime originally charged does not mean the defendant is not guilty of the crime originally charged. Appellant pled guilty to burglary with intent to steal, but the question of whether he committed burglary with intent to kidnap was never litigated and never resolved with a judgment on the merits. Therefore, collateral estoppel would not have precluded the State from presenting evidence that Appellant committed the Jasper County burglary with intent to kidnap, and Appellant's trial counsel was not ineffective in failing to assert collateral estoppel. Point III is denied.

*Point IV*

Appellant asserts that the trial court erred by allowing evidence of the uncharged burglary in Kansas. In particular, he objects to the testimony of Dr. Jensen and David Edmondson, the

---

[6] Although Appellant pled guilty to the Jasper County burglary via an *Alford* plea, we find no justification for treating an *Alford* plea differently than any other guilty plea with regards to collateral estoppel. "Generally speaking [. . .] the ***effect*** of an accepted *Alford* plea is the same as that of any other guilty plea[.]" *Frazier v. State*, 581 S.W.3d 118, 125 (Mo. App. S.D. 2019) (emphasis in original). Both pleas require similar findings by the trial court, as courts in Missouri "cannot accept a plea of guilty or an *Alford* plea[] in a felony case unless the defendant is found to be mentally competent, the plea is freely and voluntarily given, and a factual basis exists for the plea." *James*, 49 S.W.3d at 686 (footnote omitted).

Baxter Springs police officer who investigated the burglary, and to the State's closing argument. He argues that this evidence was not relevant and served only to inflame the passions of the jury.

The trial court enjoys "considerable discretion" in deciding whether to admit or exclude evidence, and its evidentiary rulings are reviewed for abuse of discretion. ***Shallow v. Follwell***, 554 S.W.3d 878, 881 (Mo. banc 2018). "A circuit court abuses its discretion when its 'ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration.'" ***Id.*** (quoting ***Lozano v. BNSF Ry. Co.***, 421 S.W.3d 448, 451 (Mo. banc 2014)). We will not reverse the trial court's judgment unless the error "materially affected the merits of the action." ***Id.***

Prior to trial, Appellant requested that the court exclude any mention of the Baxter Springs burglary. The court ruled that specifics about the burglary would be excluded, but that the State's witnesses could mention that the burglary occurred and that Appellant was a subject of the investigation. The trial court explained:

> Well, he can mention there's a break-in. That doesn't [sic] anything to do with your client. What he's not going to be able to do is go into the details of that break-in. He can say – she can put the Sheriff guy up and say what the conversation was, that he was looking at a crime that had [sic] committed and was questioning this guy.

Appellant further argued that Dr. Jensen should not be able to rely on evidence from the Baxter Springs burglary in forming his expert opinion. The trial court rejected this argument, explaining: "I'm just telling you if what he relied upon were the police reports and the conversation with the Police Chief, I'm going to find that's reasonably relied upon information for the expert to use."

11

Evidence reasonably relied upon by an expert witness is generally admissible under section 490.065.1, which states in part:

> (3) The facts or data in a particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing and must be of a type reasonably relied upon by experts in the field in forming opinions or inferences upon the subject and must be otherwise reasonably reliable;
>
> (4) If a reasonable foundation is laid, an expert may testify in terms of opinion or inference and give the reasons therefor without the use of hypothetical questions
> . . . .

Courts have held that section 490.065 permits experts in SVP proceedings to rely on evidence of the respondent's prior criminal acts, even when the respondent was not charged or convicted. *See **Whitnell v. State***, 129 S.W.3d 409, 419 (Mo. App. E.D. 2004) (where an expert was allowed to testify that he relied on allegations that a respondent sexually abused his daughter and the court held "[t]he critical issues in a sexual predator case make the evidence of prior conduct, charged or uncharged, material evidence in the case.") (internal quotations and citation omitted).

Edmondson stated he investigated Appellant in connection to the Baxter County burglary, that the burglary involved "indecent liberties," a child, and that the intruder went into the home. He also testified he had cause to speak with Appellant because Appellant was a known sex offender, had a criminal history of a similar crime, and that a bucket used in the burglary was taken from the residence where Appellant had been staying. Other than those general details, he did not discuss any further specific circumstances of the burglary. Edmondson's testimony focused on his interview with Appellant, in which Appellant discussed his prior sexual misconduct. In evaluating whether a person is an SVP, it is reasonable that an expert would consider the person's own admissions of sexual misconduct. Because these statements were reasonably relied upon by Dr. Jensen in his psychological assessment of Appellant, the trial court

12

did not abuse its discretion by declining to exclude Edmondson's testimony. Dr. Jensen also testified about these statements, and his testimony was admissible for the same reasons.

Appellant also takes issue with Dr. Jensen's discussion of the burglary itself. Dr. Jensen's only mention of the details of the burglary was: "It was nighttime. He was observed by a resident – an adult resident of a home bending over and picking up a young girl." At this point, Appellant's counsel objected and the court instructed the jury to disregard this comment by Dr. Jensen. "Normally, an instruction to the jury to disregard inadmissible evidence or improper argument is a sufficient remedy, as we must presume the jury has followed the court's instructions." *State v. McClendon*, 477 S.W.3d 206, 215 (Mo. App. W.D. 2015). Nothing in the record suggests that the court's instruction was insufficient to remedy Appellant's concerns about Dr. Jensen's comment. Therefore, the court did not abuse its discretion regarding the admission and exclusion of Dr. Jensen's testimony.

Finally, Appellant objects to the following statement in the State's closing argument: "And also in 2011, he's interviewed about a burglary that was sexually [sic] in nature that involved a child."

> "[T]he permissible field of argument is broad, and so long as counsel does not go beyond the evidence and the issues drawn by the instructions, or urge prejudicial matters or a claim or defense which the evidence and issues drawn by the instructions do not justify, he is permitted wide latitude in his comments."

*Peterson v. Progressive Contractors, Inc.*, 399 S.W.3d 850, 856 (Mo. App. W.D. 2013) (quoting *Heshion Motors, Inc. v. W. Int'l Hotels*, 600 S.W.2d 526, 534 (Mo. App. W.D. 1980)). Evidence that Appellant was interviewed regarding the Baxter Springs burglary, that the burglary involved a child, and that the burglary involved "indecent liberties" had already been admitted. Thus, this statement by State's counsel was justified by the evidence and was permissible during closing argument. Point IV is denied.

13

*Points V and VI*

Appellant's Points V and VI relate to alleged trial court errors for denying a continuance of trial (Point V) and not issuing a directed verdict at trial (Point VI), arguing that his sole qualifying conviction for his SVP commitment, his sexual abuse conviction in Oklahoma, is "currently"[7] subject to a motion for post-conviction relief and likely to be vacated. Therefore, he argues, it cannot support his SVP commitment. In support of his argument, Appellant states that, following the United States Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the Oklahoma state court did not have jurisdiction to try a case involving a crime committed on Indian tribal land by Appellant, a member of the Cherokee Nation. Appellant asserts that the trial court in the present case erred by denying his motion for a continuance pending the Oklahoma court's post-conviction relief ruling, and by failing to issue a directed verdict in his favor. In *McGirt*, the United States Supreme Court held that a large portion of land in Oklahoma had been established by treaty as a reservation for the Creek Nation, and that Congress had never disestablished the reservation. *Id.* at 2459. As a result, only federal courts have jurisdiction over crimes committed by a tribal member on such lands. *Id.* This decision was subsequently extended by Oklahoma courts to other reservations that had never been formally disestablished. *See, e.g., Sizemore v. State*, 485 P.3d 867, 869 (Okla. Crim. App. 2021). However, the Oklahoma Court of Criminal Appeals later held that *McGirt* established a new rule of criminal procedure that did not apply retroactively to void convictions that were final

---

[7] We have independently verified, per Oklahoma court records, that Appellant's motion was "taken under advisement" and remains pending.

when *McGirt* was decided.[8] *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 689-91 (Okla. Crim. App. 2021), *cert. denied*, *Parish v. Oklahoma*, 142 S.Ct. 757 (2022).

The decision to grant or deny a continuance is within the sound discretion of the trial court, and our review is limited to whether the trial court abused its discretion. *State v. Jones*, 479 S.W.3d 100, 111 (Mo. banc 2016). Appellant's Oklahoma conviction occurred in 1998, well before the *McGirt* decision. Because his conviction was final at the time of *McGirt*, his argument that the conviction is likely to be vacated is without merit, and the trial court therefore did not abuse its discretion by declining to grant a continuance of trial. Point V is denied.

With regard to Appellant's Point VI, our standard of review was set forth in *Westmoreland*:

> We review the denial of a motion for directed verdict to determine whether the plaintiff made a submissible case. *Holley v. Caulfield*, 49 S.W.3d 747, 750 (Mo. App. E.D. 2001). A submissible case requires substantial evidence for every fact essential to liability. *Id.* In determining whether a plaintiff has made a submissible case, we review the evidence in the light most favorable to the jury's verdict, giving the plaintiff the benefit of all reasonable inferences and disregarding evidence and inferences that conflict with the verdict. *Sanders v. Ahmed*, 364 S.W.3d 195, 208 (Mo. banc 2012). We will only reverse the jury's verdict for insufficient evidence if there is a complete absence of probative facts to support the jury's conclusion. *Id.*

*Westmoreland v. Midwest St. Louis, LLC*, 623 S.W.3d 618, 627 (Mo. App. E.D. 2021). To commit Appellant to the Department of Mental Health for control, care, and treatment:

> "Missouri's SVP statute requires a finding that . . . the individual 1) has a history of past sexually violent behavior; 2) a mental abnormality; and 3) the abnormality creates a danger to others if the person is not incapacitated." *Murrell[ v. State]*, 215

---

[8] Appellant cites several cases in which *McGirt* was applied to vacate convictions of tribal members who committed crimes on Indian lands. However, all of these cases were decided before the non-retroactivity holding in *Matloff*. One of the opinions relied upon by Appellant was subsequently withdrawn by the Oklahoma Court of Criminal Appeals based on its decision in *Matloff*. *Bosse v. State*, 495 P.3d 669 (Okla. Crim. App. 2021).

15

S.W.3d [96,] 105 [Mo. banc 2007]; *see also* [section] 632.480(5), RSMo Supp. 2017.

*Matter of D.N.*, 598 S.W.3d 108, 117 (Mo. banc 2020).  Appellant argues that, without the sole qualifying conviction from Oklahoma, the State could not make a submissible case at trial that he was an SVP.  Appellant further argues that "[t]his commitment finding should be vacated due to the underlying index conviction being void."  However, as explained above, Appellant's Oklahoma conviction was final at the time *McGirt* was decided, so there are no grounds for concluding that his Oklahoma conviction is void under the law.  Because *Matloff* determined the court's holding in *McGirt* could not be applied retroactively, the trial court did not err as a matter of law in declining to issue a directed verdict and in submitting the case to the jury because the necessary predicate offense was valid to support the required element, i.e., that Appellant had committed a prior, qualifying sex crime.  Point VI is denied.

The judgment of the trial court is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS

16